## COMMONWEALTH CASUALTY & INS. CO. v. MORRIS.

### No. 2180.

Court of Civil Appeals of Texas. Eastland.

Oct. 10, 1941.

John G. Whitaker, of Dallas, for appellant.

Gullett & Gullett, of Denison, and J. S. Kone, of Sherman, for appellee.

LESLIE, Chief Justice.

To avoid a multiplicity of suits against it, the Commonwealth Casualty & Insurance Company filed its petition in the County Court seeking to restrain Aaron M. Morris from prosecuting three separate suits, each demanding claims based upon and arising as benefits out of the terms of an insurance policy issued to him by the company, and indemnifying him for time lost due to disabilities resulting from sickness, accident, etc.

The trial court sustained a general demurrer to the petition, etc. That action is assigned as error.

The truth of the allegations of the petition being thus admitted, we examine the same to ascertain the correctness of the court's ruling. As stated, this proceeding seeks to restrain the prosecution of three separate suits upon the same contract on the theory that all could be brought in one suit in a court of competent jurisdiction, thereby avoiding a multiplicity of suits and the unnecessary costs, expenses, etc. incident to defending several suits. The amount claimed in each suit was within the jurisdiction of the justice court and the sum of the three claims aggregated $419.19. Two of the suits carried consecutive numbers on the docket and were filed on the same day. The other suit was filed soon thereafter but relator does not allege the specific date. It was further alleged that no reason existed for filing the claims in separate suits, except the desire and intention on the part of the plaintiff therein .(respondent) to injure and harass the plaintiff (relator) and that the plaintiff has no adequate legal remedy, etc.

The claims are all held by Morris against the Insurance Company. They are similar in nature, involve similar facts, grow out of the same general source (legal rights under the terms of the policy), and are all capable of adjustment in one suit. Under facts and circumstances alleged, we conclude that the remedy sought by relator (Insurance Company) is a just and proper relief, and that it will work no unnecessary hardship upon the respondent (Morris) who may have his legal rights determined expeditiously in one suit in a court of proper jurisdiction and at no unnecessary increase in expense or loss of time.

It appears that no ground of equity jurisprudence is more firmly established than the prevention of a multiplicity of suits when such action promotes the ends of justice. Therefore, upon the authority of Gulf, C. & S. F. Ry. Co. v. Pearlstone Mill & Elevator Co., Tex.Com.App., 53 S.W.2d 1001; Standard Inv. Co. v. Dowdy, Tex.Civ.App., 122 S.W.2d 1107, and 21 C.J. p. 71, § 48, and cases cited therein, we conclude that the trial court erred in sustaining the general demurrer.

The assignments of error are sustained and the judgment of the trial court is reversed and the cause remanded. It is so ordered.