GEORGE W. RENFRO ET AL V. RUBY JOHNSON ET AL.

No. 8199. Decided February 9, 1944.
(177 S. W., 2d Series, 600.)

*Wm. E. Davenport*, of San Angelo, for petitioners.

It was error for the Court of Civil Appeals to hold that a court of equity should not interfer to prevent the filing of multiple suits for the same cause and against the same parties wherein the plaintiff takes a nonsuit before judgment is rendered, unless defendant can show that some damage has resulted to him. 32 C. J. 94; St. Louis S. W. Ry. Co. v. Woldert Gro. Co,, 162 S. W. 1174; Standard Inv. Co. v. Dowdy, 122 S. W. (2d) 1107; Lytle v. Galveston H. & S. A. Ry. Co., 100 Texas 292, 99 S. W. 396.

*L. D Ratliff, Jr*, of Spur, for respondents.

26 Texas Jur., 100; 28 Texas Jur., 79; Texas Novelty Advertising Co. v. Bay Trading Co., 206 S. W. 729.

MR. JUSTICE CRITZ delivered the opinion of the Court.

We will refer to the parties in this case as they appeared in the district court, to Ruby Johnson et al as plaintiffs, and to George W. Renfroe et al as defendants.

In 1942 plaintiffs, who are respondents here, filed a suit in the District Court of Dickens County against defendants, who are petitioners here, to recover a judgment on four promissory notes aggregating the principal sum of $3,727.28. One of these notes was due in 1921, one in 1922, and two in 1924. Defendants filed an answer to the 1942 suit, wherein they pleaded that all of these notes were barred by the Four Year Statute of Limitation, Article 5527, R. C. S. 1925. When the above cause was called for trial at the December, 1942, term of the above-mentioned court, plaintiffs filed a motion for nonsuit. The court granted this motion and dismissed the cause at the cost of plaintiffs, "but without prejudice."

On March 12, 1943, plaintiffs filed this suit in the District Court of Dickens County, Texas, against defendants, on the same identical notes that were involved in the first suit above described. Defendants again pleaded the Four Year Statute of

Limitation as a defense to these notes, and, in addition to such plea, filed a cross-action against plaintiffs, for damages for filing this suit, and for an injunction to prevent the filing of any more suits on these notes. In the cross-action these defendants alleged:

"That plaintiffs' attorney (when the former suit was dismissed) also stated in the court room at that time that the plaintiffs would file a suit against the defendants at every term of court in the future. That plaintiffs have again filed said suit, maliciously and without probable cause and purely for the purpose of harassing, intimidating, and embarrassing, and with the deliberate and malicious purpose of forcing defendants to be out great sums of money for expenses, court costs and attorney fees and with the deliberate and malicious intention of injuring defendants and that as direct and proximate result of said deliberate and malicious acts of plaintiffs, without probable cause, defendants and each of them have suffered actual damages in the sum of $200.00, and defendants further say that they are entitled to $1,000.00 each exemplary damages for reason of the malicious acts above set out, and that unless this court grants equitable relief defendants will suffer irreparable injury as a result of the malicious acts and conduct of plaintiffs above set out."

In their answer to defendant's cross-action the plaintiffs dened all the allegations of such cross-action, and further pleaded that the defendants had suffered no interference with their persons or property by this suit filed by the plaintiffs, and prayed that all the relief prayed for in the cross-action be denied.

In this cause the trial court allowed the plaintiffs to take a nonsuit, and dismissed the cause against the defendants on the notes here sued on, "without prejudice to the right of the plaintiffs to refile said suit." The trial court then proceeded to try the defendants' cross-action, and at the close of such trial entered judgment refusing the defendants any equitable relief. Defendants abandoned their prayer for damages. The Court of Civil Appeals affirmed the judgment of the trial court. 175 S. W. (2d) 92.

The case is before us without any statement of facts. The trial court, however, filed findings of fact. These findings are as follows:

"(1)

"I find that at the previous term of this Court the Plaintiffs filed suit upon the identical cause of action alleged by them in

this suit, and that the Defendants filed a plea of the four year statute of limitation as to such suit, and that when said cause was called for trial the Plaintiffs filed a motion for nonsuit, and the same was granted by the Court, and said cause dismissed at the cost of the plaintiffs, and without prejudice.

"(2)

"I find that the present suit was filed by the plaintiffs upon the same and identical cause of action urged by them at the previous term of this Court.

"(3)

"I find that the defendants have suffered no interference of their person or property by reason of the filing of said suits by the Plaintiffs, and that no damages have been suffered by the said Defendants by reason thereof, and that no irreparable injury has been suffered by the Defendants by reason thereof.

"(4)

"I find that the Plaintiffs have filed said suits in an effort to collect notes owing to them by the Defendants which are barred by the four year statute of limitation in Texas."

It will be noted that the findings of fact made by the trial court make no mention regarding the allegation in the defendants' cross-action that when the first suit was dismissed the plaintiffs' attorney stated in open court that they would file a suit against defendants at every term of court in the future; but in regard to this matter plaintiffs' brief, in effect, admits that such threat or statement was made. In this connection, we quote as follows from such brief:

"The Appellant in the case at bar alleged that the Appellee's attorney had stated in open Court, when this suit was first called for trial and had been non-suited by the Appellees, that the Appellees would file a suit against the Appellant at every term of Court in the future. The trial court found in paragraph four of his Findings of Fact that the Appellees here filed the suits involved in this case in an effort to collect the notes owing to them by the Appellant. The writer of this brief does not want to be understood as denying that the statement was made as alleged by the Appellant here, but he does want to call the Court's attention to the fact that the trial court interposed such statement as being made in connection with the efforts of the Appellees to collect the notes owing to them."

The trial court found that these notes are barred by limitation, and defendants admit in their brief that such is a fact.

From the record we have recited it appears that we have before us a case in which the following are the facts:

(1). The plintiffs have already filed two suits against the defendants on four notes, from 18 to 21 years past due when the first suit was filed, and from 19 to 22 years past due when the second suit was filed.

(2). All of such notes were admittedly barred by the Four Year Statute of Limitation when each of such suits was filed.

(3). Defendants have pleaded the Four Year Statute of Limitation in each of the above suits.

(4). In each of the two suits, when the Four Year Statute of Limitation was pleaded by defendants, plaintiffs took a non-suit, with a specific provision in the judgment that such non-suit was taken without prejudice to their right to refile the same.

(5). When the first nonsuit was taken by the plaintiffs, their attorney stated in open court that the plaintiffs would file a suit on these notes at every term of court in the future.

(6). The statement to the effect that plaintiffs would file a suit on these notes at every term of court in the future has been made good thus far, as this suit was filed at the next term of the District Court of Dickens County after the first suit was dismissed.

(7). We ought to take plaintiffs at their word, and conclude that they will continue to file suit on these notes, against these defendants, at every term of the District Court of Dickens County in the future, with no hope of getting a judgment thereon unless the defendants finally, for some reason, cease to file pleas of limitation, as they have already done in the two suits already filed and dismissed.

In our opinion the above record presents a case wherein a court of equity should exercise its jurisdiction to prevent these plaintiffs from filing any further suits against these defendants. on these notes. In this connection, we think this case calls for the application of the following equitable rule announced by the Court of Civil Appeals in this very case:

"Article 2182, R. C. S. 1925, provides that, in a case tried without a jury, at any time before the decision is announced, the plaintiff may take a nonsuit, but the privilege given by the statute is not entirely without limitation. It is the policy of the law to avoid needless litigation, and public policy requires

that there be an end to legal controversies. Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas 5, 7 S. W. 3 68; Stanolind Oil & Gas Co. v. State, 136 Texas 5, 133 S. W. (2d) 767, 145 S. W. 569. The courts, therefore, will not approve of such conduct as appellants apparently fear will be indulged in by appellees and permit them to file suits against appellants repeatedly on the same cause of action for an indefinite period of time and dally with the court by taking advantage of the statute and dismissing the case each time upon the filing of a plea of limitations which they admit is a good defense to their cause of action or when it is shown to be such. * * *."

■ After announcing the above correct rule of law, the opinion of the Court of Civil Appeals holds, in effect, that it cannot justify awarding defendants the equitable relief of injunction prayed for in their cross-action, because (a) they did not oppose the plaintiffs' motion to dismiss, (b) they did not present proof of facts bearing upon what they contend was the purpose of the plaintiffs in taking a nonsuit, and (c) equitable relief cannot be awarded in the absence of a final judgment or a showing of injury. In our opinion, the defendants could not successfully oppose the plaintiffs' motions for a nonsuit. The statute gives them that absolute right. Article 2182, R. C. S. 1925. Certainly proof that plaintiffs' attorney stated in open court, when the first suit on these notes was dismissed, that plaintiffs would file suit on these notes at every term of court in the future, and the filing of this suit at the very next term of court, is proof that they intend to file repeated suits on these notes for an indefinite time in the future. All future suits will harass these defendants, and will compel them to go to the trouble and expense of defending the same. Such, in our opinion, is ample injury to justify the injunctive relief here sought by defendants. Finally, two final judgments have been entered in two suits on these notes. It is true both of these judgments were judgments of dismissal, and are not res adjudicata of the merits of the case, but they are final in the sense that they finally disposed of the two suits already filed by plaintiffs.

The judgments of the Court of Civil Appeals and district court on defendants' cross-action are both reversed and judgment is here entered enjoining plaintiffs from filing any further suits against defendants or any of them on these notes or any of them. The judgment of the district court dismissing plaintiffs' suit on these notes was not appealed from, and is left undisturbed.

Opinion delivered February 9, 1944.