THE UNIVERSITY OF TEXAS ET AL V.
CHESTER R. MORRIS

No. A-8031. Decided March 8, 1961
Rehearing overruled April 5, 1961
(344 S. W. 2d Series 427)

*Will Wilson*, Attorney General, *Lawrence Hargrove*, Assistant Attorney General, and *Q. C. Taylor*, of Austin, for petitioners.

*Chester R. Morris*, of San Antonio, in pro se.

MR. JUSTICE NORVELL delivered the opinion of the Court.

On April 20, 1960, the District Court of Travis County, Texas, ordered a consolidation of three separate suits in which Chester R. Morris was plaintiff and numerous persons, including the State of Texas, The University of Texas and Dr. Anthony P. Rousos were defendants. Morris moved to stay proceedings in the consolidated cause until he could try a suit filed by him against Dr. Rousos in the United States District Court of New Mexico. Dr. Rousos countered by requesting a temporary injunction restraining Morris from proceeding with the New Mexico case until the consolidated case had been disposed of. Morris' motion was overruled and the defendants' application for temporary injunction was granted. Upon appeal from the order granting the temporary injunction, the Court of Civil Appeals reversed the order of the trial court. 337 S.W. 2d 169.

The majority of the appellate court treated the matter as

one of abatement. One of the justices was of the opinion that the application for the temporary injunction sought to invoke the trial court's equitable power to prevent vexatious litigation. We agree with this view. In his reply to Morris' motion to stay and in his affirmative application for temporary injunction, Dr. Rousos pleaded that the consolidated suit in the Texas court and the suit filed in the federal court in New Mexico were essentially the same and that he and the other defendants in the consolidated cause had "been harassed through a period of years by similar suits involving similar and the same causes of action filed by the plaintiff in the County Court of Travis County, Texas, and in the 126th, 98th and 53rd District Courts of Travis County, Texas" and that "he (Morris) still persists in filing numerous other suits involving essentially the same causes of action, all of which have greatly harassed this defendant as well as all of the other defendants. * * *."

■ A district court having jurisdiction of the parties and the subject matter may enjoin a party from prosecuting a cause of action in another court when such relief is necessary to prevent a multiplicity of suits, avoid vexatious litigation, or prohibit the use of the judicial processes for purposes of harassment. Repka v. American National Ins. Co., 143 Tex. 542, 186 S.W. 2d 977; Baltimore & Ohio R. Co. v. Kapner, 314 U.S. 44, 62 S. Ct. 6, 8 L. ed. 28; Poole v. Mississippi, 208 Miss. 364, 44 So. 2d 467; 21 C. J. S. 858, Courts §554; 43 C. J. S. 499, Injunctions, §49; 28 Am. Jur. 708, 715, 716, Injunctions, §§ 220, 209, 210; Cf. Galveston, Harrisburg & San Antonio Ry. Co. v. Dowe, 70 Tex. 5, 7 S.W. 368; Renfroe v. Johnson, 142 Tex. 251, 177 S.W. 2d 600; Gulf, Colorado & Santa Fe Ry. Co. v. Pearlstone Mill & Elevator Co., Tex. Com. App., 53 S.W. 2d 1001, holding approved by the Supreme Court; Commonwealth Casualty & Insurance Co. v. Morris, Tex. Civ. App., 155 S.W. 2d 394, no wr. hist.

■ Despite Dr. Rousos' failure to enter an appearance in the Texas suit prior to the time the New Mexico suit was filed, we are of the opinion that his position is not so lacking in equity as to deny him the injunctive relief which was awarded him by the trial court. Had Morris instituted but two suits, one in Texas and a later one in New Mexico, there undoubtedly would have existed a lack of equity. But this is not the entire picture of events.

The nature of Morris' asserted cause of action is discussed in detail by the Court of Civil Appeals in Morris v. Nowotny,

323 S.W. 2d 301, wr. ref. n.r.e. The principal charges made by Morris were that "he was ordered off the University campus by Deans Nowotny and Bredt; that he was arrested by University policemen upon his refusal to leave University premises; that Doctors White and Rousos testified falsely regarding his mental condition; that he had been barred readmittance to the University, and that Dan Nowotny had given out false information to his employers or prospective employers." 323 S.W. 2d 311. In the particular case, the cause as against Dr. Rousos and a number of defendants was dismissed without prejudice.

In the present case when Morris' motion to stay proceedings in the Texas court and Dr. Rousos' application for temporary injunction were heard, the trial judge made extensive inquiries of Morris in regard to his institution of suits against The University of Texas and other defendants, including Dr. Rousos.

Morris testified that after the dismissal of the case considered by the Court of Civil Appeals, he secured the permission of the Legislature to sue the state and thereafter instituted numerous suits based upon the occurrences above mentioned. It appears that in addition to the case which went to the Court of Civil Appeals (337 S.W. 2d 169) and the three causes which were filed in the district courts of Travis County and consolidated into one cause, Morris instituted some six or seven additional suits in the state and federal courts and attempted to institute others. In many of these, Dr. Rousos was named a party defendant and all were based upon The University of Texas incidents alluded to.

If the filing of a multiplicity of suits involving the same controversy or subject matter were not in itself sufficient ground for injuctive relief, Morris' purpose in filing repeated suits is made abundantly clear by a letter which he wrote the attorneys for the defendants in which, among other things, he said:

"I plan to push action against the individuals ahead of action against the state. Regardless of whether I am awarded damages, I can always sue. It will not pay the defendants to defend legal actions until death do we part. It will be cheaper for the defendants to settle out of court."

See, Renfroe v. Johnson, 142 Texas 251, 177 S.W. 2d 600. From the evidence adduced at the hearing, the trial judge

could well conclude that Morris was taking advantage of the rule which allows the prosecution of suits upon an affidavit of inability to pay costs, and instituting numerous lawsuits based upon the same transaction in the hope of securing payments of money from the defendants in order to avoid harassment.

■ While the courts are open to all persons for the litigation of their claims and demands, the judicial processes cannot be used for purposes of mere harassment in an effort to effect settlements. While the injunction preventing the filing of suits is a device which should be employed sparingly and with care, the evidence here supports the trial judge's action. Morris has been deprived of no legal rights. He is free to litigate his claim in the pending consolidated suits in the district court of the county where the transactions upon which he bases his claim took place. But he may not be permitted to file repeated suits in various forums for harassment purposes.

■ One further matter may be mentioned. It is made known to us by the filing of a supplemental transcript that sometime after the decision of the Court of Civil Appeals in this case, Morris filed an amended petition in the consolidated cause out of which the disputed injunction was issued wherein he pleaded that he was no longer suing Dr. Rousos in the Texas court but instead was prosecuting a suit against Dr. Rousos in the United District Court for the District of New Mexico. He also filed a motion to dismiss Dr. Rousos from the Texas case without prejudice.

This action does not render the temporary injunction feature of the case moot. The trial court enjoined Morris from prosecuting the New Mexico suit. The correctness of that order is the matter before us. Events taking place subsequent to the issuance of a temporary injunction may afford a basis for a modification of the order by the trial court but unless such occurrences render the cause for injunctive relief entirely moot or academic, 3 Tex. Jur. 2d 313, (which is not the case here), our action must be controlled by the record made in the trial court at the time the injunction was issued.

For the reasons pointed out, the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Associate Justice Steakey not sitting.