**Carl L. RAY et al., Appellants,**

v.

**Henry S. PAULUS, as Independent Executor and Trustee of and under the Will of Annie C. Paulus, Deceased, Appellee.**

**No. 713.**

Court of Civil Appeals of Texas. Corpus Christi.

Dec. 29, 1972.

Tabor & Ray, Carl L. Ray, Houston, for appellants.

Armond G. Schwartz, Hallettsville, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from an interlocutory order of the 25th District Court of Lavaca County, Texas temporarily enjoining some of the defendants below from prosecuting suits previously pending in the 164th District Court and 165th District Court of Harris County, Texas and from instituting further suits against plaintiff-appellee herein which involve the subject matter of the instant suit filed in the 25th District Court of Lavaca County, Texas.

Appellant's two points of error in substance are that the trial court erred (1) in granting injunctions and in failing to abate this action because the Harris County Courts had prior and dominant jurisdiction of the parties and subject matter, and have the power to administer adequate and full justice of the rights of all concerned, and (2) in granting injunctions and in failing to return same to the Harris County courts as provided in Art. 4656, Vernon's Ann. Civ.St.

This suit was filed on January 18, 1972 in the 25th District Court of Lavaca County, Texas, by Henry S. Paulus, Independent Executor and Trustee of and under the will of Mrs. Annie C. Paulus, deceased, appellee here, against Mary Josephine Wood, Carl L. Ray, Gibraltar Savings Association, and Houston First Savings Association, defendants below. Appellee's petition alleged in substance the following: The will of Mrs. Annie C. Paulus, who died on July 3, 1947, has been duly probated in Lavaca County, Texas, and appellee had duly qualified as Independent Executor and Trustee thereunder. Administration under said will is still pending. The will of Mrs. Annie C. Paulus, among other things, contained the following provision:

"I give to Henry S. Paulus one fourth (¼) of my estate to be held in trust by him for any lawfully begotten children of my son Claude N. Paulus, born after my death, but in case he should die without leaving any living children begotten in lawful wedlock after my death, then in that event such one fourth part of my estate is herein bequeathed to Henry S. Paulus, children of my *deseast* son A. D. Paulus, children of my daughter, Mrs. Julia Hale, but the income thereof is to be paid to Claude. After the payment of all taxes and incumbrances, thereon, if any."

Plaintiff-appellee further alleged that after the death of Claude N. Paulus on

June 2, 1971, defendant Mary Josephine Wood made claim to one-fourth of the Estate of Mrs. Annie C. Paulus, deceased. Defendant Carl L. Ray, attorney for Mary Josephine Wood, has been assigned an undivided interest in the undivided interest, if any, of the said Mary Josephine Wood. Subsequent to the death of Claude N. Paulus, appellee discovered that Mary Josephine Wood is not a child of Claude N. Paulus, nor was she "begotten in lawful wedlock" after the death of the said Annie C. Paulus, deceased. The said Mary Josephine Wood is not entitled to any property or interest whatsoever of the said Estate of Annie C. Paulus, deceased. The claims of Mary Josephine Wood and her attorney Carl. L. Wood constitute a cloud on the title of various properties of the Estate of Annie C. Paulus, deceased, including land in Lavaca and Austin Counties, and personal properties consisting of stock in banks located in Lavaca and Harris Counties and savings accounts in Gibraltar Savings Association and Houston First Savings Association. Plaintiff-appellee herein further alleged that Mary Josephine Wood had instituted a series of law suits in various courts in Harris County, Texas, in which appellee had been named defendant or had been impleaded. Among such suits were Cause No. 884373, in the 164th District of Harris County styled "Mary Joe Wood, nee Paulus v. Houston First Savings Association, et al"; Cause No. 884376, in the 165th District Court of Harris County, Texas, styled Mary Josephine Wood, nee Paulus v. Gibraltar Savings Association, et al;" and Cause No. 113,978 in Probate Court, No. 2, styled "In the Estate of Claude Neal Paulus, deceased." Such actions constitute a multiplicity of suits and harassment to appellee who is past 83 years of age and in ill health, and who is a lifelong resident of Lavaca County, Texas where the will of Annie C. Paulus was admitted to probate and where it is being administered. Plaintiff-appellee further denied that Mary Josephine Wood had any legal claim but alleged that the questions relating to same should be deter-

mined in one action, and the instant suit in Lavaca County was brought for construction of the will of the late Annie C. Paulus and for judicial interpretation of the terms "begotten in lawful wedlock" and "begotten in lawful wedlock after the death of Annie C. Paulus" and for judicial determination as to whether Mary Josephine Wood can qualify under said provisions. Additionally, the instant suit was for declaratory judgment to determine the above-mentioned issues and matters.

Plaintiff-appellee further alleged that irreparable injury for which there was no adequate remedy at law would result unless the defendants were restrained from pursuing a multiplicity of suits in the Courts of Harris County and elsewhere, and that no harm would result by reason of a proper and orderly determination in one action of the rights, if any, of Mary Josephine Wood in and to the Estate of Annie C. Paulus, deceased, and the various items of property involved therein; and that a multiplicity of suits, trials and great expense incident thereto would be avoided by such orderly determination. Alternatively, plaintiff-appellee further alleged that Mary Josephine Wood and Claude N. Paulus had committed fraud in their representations that Mary Josephine Wood had been begotten in lawful wedlock after the death of Annie C. Paulus by the said Claude N. Paulus. Plaintiff-appellee relied on said representations until he recently learned such representations were incorrect; and that Mary Josephine Wood does not qualify otherwise under the will of Annie C. Paulus, deceased. In addition to construction of the will and declaratory judgment relief, plaintiff-appellee sought a temporary restraining order and temporary injunction restraining the defendants from prosecuting suits theretofore instituted and from filing further suits involving the will of Annie C. Paulus, deceased, or a construction thereof.

Gibraltar Savings Association, one of the defendants below, was served with citation but did not appear at the hearing on the application for Temporary Injunction and

has not appealed from the judgment of the Court granting the same.

Houston First Savings Association appeared at the hearing on the application for Temporary Injunction, filed a plea to the jurisdiction and was enjoined. However, after the record was filed herein and before the case was argued in this court the plaintiff-appellee, Houston First Savings Association and Carl L. Ray, Individually, and as attorney for Mary Josephine Wood, nee Paulus entered into a stipulation that, among other things, they would request the 25th Judicial District Court to dissolve the temporary injunction against Houston First Savings Association and to dismiss it as a party to this Cause (No. 13,000 in the trial court); and that motion to dismiss the appeal as to said party be made. The motion to dismiss this appeal as to Houston First Savings Association has been granted.

Mary Josephine Wood, was not served with notice of the hearing on plaintiff's application for injunction and was not enjoined. She has not appealed. However, Carl L. Ray, attorney for and assignee of Mary Josephine Wood was served, appeared at the hearing and was enjoined. Mr. Ray, filed a plea to the jurisdiction of the 25th District Court as attorney for and on behalf of Mary Josephine Wood, nee Paulus. However, Mr. Ray did not file a similar plea to the jurisdiction on his own behalf. The interest of Mr. Ray appears to be no more than a contingent interest (as an attorney) in the recovery, if any, of Mrs. Wood. The result of the foregoing is that the judgment granting a temporary injunction against Gibraltar Savings Association must be affirmed and the appeal of Houston First Savings Association must be dismissed. This leaves for consideration by us only the appeal as it concerns Carl L. Ray as an attorney and assignee of an interest of the said Mary Josephine Wood.

■ Appellee filed a sworn petition in the court below. The pleadings questioning the jurisdiction of the Lavaca County District Court, as above-mentioned, were not sworn to and there were no pleadings or sworn pleadings filed by the defendants below denying the allegations of appellee's sworn petition, which therefore stood unrebutted. See Rendon v. Gulf Oil Corporation, 414 S.W.2d 510 (Tex.Civ. App., Corpus Christi, 1967, writ ref'd n. r. e.). In the instant case the probable injury to appellee was sufficiently established.

■ We have concluded that neither error nor reversible error is presented by the instant appeal. Appellant Ray did not present to the lower court on his own behalf any proper plea which asserted that the 25th District Court of Lavaca County lacked jurisdiction because of prior dominant jurisdiction in the Harris County Courts. Had a proper plea in abatement been filed by Mr. Ray on his own behalf the fact issues raised by it or any contest thereof would have been for decision of the Lavaca District Court. Absent such proper plea concerning prior dominant jurisdiction, the trial court herein properly proceeded, and reversible error is not presented by appellants' point one. See Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926); V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798 (1937); Johnson v. Avery, 414 S.W.2d 441 (Tex. Sup.1966).

■ Appellants' second point of error is also without merit. The injunction granted by the court below was ancillary in nature and was directed against two parties to the instant suit who were also parties to the Harris County suits and to the attorney for a party defendant herein (who was not enjoined) who was a party plaintiff in several Harris County suits. As hereinabove pointed out, one of the parties defendant herein (Houston First Savings Association) has been dismissed from this appeal by agreement and Gibraltar Savings Association has not appealed. Under these conditions, and in view of the relief sought

herein by plaintiff-appellee, the writ of injunction was not required to be returned to the Harris County Courts under the provisions of Art. 4656, V.A.C.S.

The order of the lower court herein recited that plaintiff-appellee was "entitled to a temporary injunction in order to avoid a multiplicity of suits and the harrassment, cost, and multiple trials incident thereto, and in order that plaintiff and defendants may have an orderly determination of their rights with reference to removal of cloud from title, for the construction of the will of Annie C. Paulus, deceased, and for Declaratory Judgment involving lands in Lavaca and Austin Counties, Texas, and personal property in Lavaca, Austin and Harris Counties, and that such temporary injunction should be gianted."

The testimony of Mr. Carl L. Ray in the court below reflected that in addition to the two suits mentioned in the defendants' plea to the jurisdiction, i. e., those pending in the 164th and 165th district courts of Harris County, Texas, there were two other suits filed against Mr. Paulus in Harris County. There was an additional suit (apparently to one pending in Probate Court No. 2, Harris County) involving proceedings against Mr. Paulus, but Mr. Ray said he thought the same was no longer pending. Mr. Ray testified that he did not contemplate filing trespass to try title suits against Mr. Paulus. However, when he was asked a question in substance that opposing counsel had understood that Mr. Ray had told the court that Ray was contemplating some four or five additional suits, Mr. Ray replied in part as follows: "I only tried to impress upon the Court this morning the fact that there are various, many, many counties in which trespass to try title or suits to remove cloud from title or various title actions might be brought, including Harris County. . . . "

The record herein leaves much to be desired concerning the cases pending in Harris County. Numerous copies of pleadings apparently filed in said cases were admitted into evidence on the hearing be-

low, but their filing dates are not indicated, with few exceptions. However, it does appear from the record as a whole that the Harris County suits were filed prior to institution of the instant case. It appears, as above stated, that four cases were pending in Harris County and that there had been some proceedings in a fifth one there involving Mr. Paulus. In the last-mentioned case, a plea in abatement filed by Mr. Paulus apparently had been sustained.

In the case of University of Texas v. Morris, 162 Tex. 60, 344 S.W.2d 426 (1961) the court held in part as follows:

"A district court having jurisdiction of the parties and the subject matter may enjoin a party from prosecuting a cause of action in another court when such relief is necessary to prevent a multiplicity of suits, avoid vexatious litigation, or prohibit the use of the judicial process for purposes of harassment." (Citing numerous authorities).

The rules applicable to an appeal from the granting or refusal of a temporary injunction are stated by our Supreme Court in Transport Co. of Texas v. Robertson Transport, 152 Tex. 551, 261 S.W.2d 549 (1953), wherein the court held in part as follows:

" . . . Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

Under the rules stated in *Morris* and *Transport* the action of the trial court in granting a temporary injunction was within

its discretion and a clear abuse of that discretion is not established. The lower court had jurisdiction to act as it did and reversible error is not presented. The appeal of Houston First Savings Association will be dismissed in accordance with the agreement of the parties and the judgment of the trial court will be modified in that respect. The temporary injunction will remain in effect as to Gibraltar Savings Association and Carl L. Ray.

The judgment of the trial court as modified is affirmed.