**Albert H. CARTER, Appellant,**

v.

**The MONEY TREE COMPANY, Appellee.**

**No. 913.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

Albert H. Carter, pro se.

John Eckel, Mills, Shirley, McMicken & Eckel, Galveston, for appellee.

TUNKS, Chief Justice.

Albert H. Carter filed suit in a district court in Brazoria County, Texas, against The Money Tree Company, a Minnesota corporation. Carter is a prisoner in the custody of the Texas Department of Corrections. He signed his petition pro se. The petition asked judgment for commissions allegedly due Carter as the sales representative of the defendant. Request was made that service of citation be had under the provisions of Vernon's Tex.Rev.Civ. Stat.Ann. art. 2031a (Repealed April 26, 1973). The defendant did not answer. On October 16, 1972, the trial court rendered default judgment against the defendant. On March 26, 1973, The Money Tree Company filed an application for bill of review. Carter was duly served with citation and answered. On June 18, 1973, the trial court rendered judgment granting the bill of review and dismissing Carter's suit with prejudice. Carter appealed to this Court, again acting pro se.

No statement of facts was filed in this Court. The record does not reflect that one was requested. The trial was to the court. No findings of fact or conclusions of law, nor request therefor, appear in the record. There is no bill of exceptions. The judgment from which appeal was taken recites that evidence was heard. If the evidence heard by the trial court showed that The Money Tree Company had a meritorious defense to Carter's alleged cause of action which it was prevented from making by Carter's fraud or wrongful act and that The Money Tree Company was not guilty of any fault or negligence in failing to make its defense, then it was entitled to the judgment that

was rendered. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). In the absence of a statement of facts, findings of fact, conclusions of law, and a bill of exceptions, this Court must presume that the trial court properly heard evidence of these facts and found them to be true. Kelton v. Kelton, 448 S.W.2d 569 (Tex. Civ.App.—Houston (14th Dist.) 1969, no writ).

The hearing on appellee's bill of review was set for June 11, 1973. Carter was given notice. On May 9, 1973, he filed an unverified writing which he designated "MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM." The judgment recites that motion was "denied and overruled." The judgment recites that Carter did not appear in person or by attorney at the hearing. The appellant's brief has in it a statement which we construe to be a point of error complaining of the trial court's failure to arrange for his personal appearance at the time of the trial. That point is overruled. The evidence before the trial judge on the basis of which he acted in this respect is not before this Court. It is entirely conceivable that facts could exist which justified the trial judge's failure, or even refusal, to arrange for Carter's presence. Evidence could have shown that Carter changed his mind and voluntarily decided not to attend. The pleading filed by The Money Tree Company has attached to it a number of exhibits. They do not constitute evidence and are not considered as such. But they do recite facts suggesting that Carter has engaged in fraudulent conduct in an effort to unlawfully obtain a judgment on a spurious claim. It is recited that he has filed numerous suits in numerous different courts on the same claim as that here alleged. It is recited that in one of those suits in a Texas court he caused to be filed a forged answer in an effort to show in personam jurisdiction over this foreign corporate defendant. These recitations demonstrate facts that could have been proven to the trial judge.

They would sustain a conclusion that Carter maliciously and without probable cause filed multiple suits on the same claim for the purpose of harassment. There may be shown such an abuse of judicial processes as to justify the denial to the offender of access to the court or any of its procedures. University of Texas v. Morris, 344 S.W.2d 426 (Tex.Sup.1961); Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600 (1944). Without knowledge of the facts before the trial court this Court cannot say that there was error in the failure to arrange for Carter's presence at the trial.

By another point the appellant states that the trial court violated the principles of comity in refusing to postpone the trial of this case until a case pending in a federal district court in Galveston had been decided. We fail to see any relevance of the principles of comity to the situation. Appellant's brief does not point out any such relevance or otherwise brief the point. The point was therefore waived. Texas Rules of Civil Procedure, rule 418.

The judgment of the trial court is affirmed.