In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00063-CV
______________________________


DEBBIE A. KNOX, WESTWARD COMMUNICATIONS
HOLDINGS LLC, d/b/a THE PITTSBURG GAZETTE,
WESTWARD COMMUNICATIONS LLC, d/b/a
THE PITTSBURG GAZETTE, AND WESTWARD
COMMUNICATIONS LP, d/b/a
THE PITTSBURG GAZETTE, Appellants
Â 
V.
Â 
BOBBY RICHARDSON, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 276th Judicial District Court
Camp County, Texas
Trial Court No. CV-02-3758


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â The appellants, Debbie A. Knox, Westward Communications Holdings LLC, d/b/a
The Pittsburg Gazette, Westward Communications LLC, d/b/a The Pittsburg Gazette, and
Westward Communications LP, d/b/a The Pittsburg Gazette, have filed a motion asking
this Court to dismiss their appeal. Pursuant to Tex. R. App. P. 42.1(a)(1), we grant the
motion.
Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â July 19, 2004
Date Decided:Â Â Â Â Â Â Â Â Â July 20, 2004






ndicates a choice) as used in the statute applies to the word "appeal," not
to the term "within 30 days." In other words, if the person whose license has been suspended elects
to do so, he has the option of appealing the justice court ruling. If he does so, he must evidence the
choice to appeal by filing his appeal within thirty days; upon the expiration of thirty days, the ruling
becomes final. It appears that the sole reason for the failure to file an appeal within thirty days was
due to a calendaring error by Jones's counsel; there is no allegation that this late filing occurred due
to any misrepresentation by a clerk of the court or other court official but, rather, to an oversight due
to the fact that the month of May has thirty-one days, not thirty. 

 Some other appeals from a justice court to a county court require the posting of a bond to
perfect the appeal, such as in cases of forcible detainer. Tex. R. Civ. P. 749. The failure to file such
an appeal bond in a timely manner is jurisdictional; absent such a timely filing, the county court is
without jurisdiction to hear the case. See RCJ Liquidating Co. v. Village, Ltd., 670 S.W.2d 643, 644
(Tex. 1984); Wetsel v. Fort Worth Brake, Clutch & Equip., Inc., 780 S.W.2d 952 (Tex. Civ.
App.--Fort Worth 1989, no writ). Likewise, Section 411.180(e)'s thirty-day requirement has been
considered jurisdictional in nature. See Sullivan v. Tex. Dep't of Pub. Safety, 93 S.W.3d 149, 153
(Tex. App.--Beaumont 2002, no pet.) (concluding that Section 411.180(e), when satisfied, gave to
the county court at law "exclusive and independent jurisdiction" and permitted the county court at
law to conduct a trial de novo on the issue of revocation); Tex. Dep't of Pub. Safety v. Kreipe, 29
S.W.3d 334, 336 (Tex. App.--Houston [14th Dist.] 2000, pet. denied) (concluding that filing a
petition in the county court at law within thirty days after the justice court's ruling "perfects the
appeal and vests jurisdiction with the county court at law"). Although the appeal of the suspension
of a concealed handgun license does not require the filing of a bond, it does require the appeal to be
filed within thirty days. In other words, on the expiration of the thirtieth day after the justice court
ruled, the case became final and the county court at law had no jurisdiction over the matter. 

 Jones attempts to rely, however, on his contention that the Texas Rules of Appellate
Procedure apply to cases which are appealed from a justice court to a county court or county court
at law. If the Texas Rules of Appellate Procedure apply, then the county court at law possessed the
authority to extend a time for late filing pursuant to Tex. R. App. P. 10.5 and 26.3. 

 Courts of appeals (which include the Texas Supreme Court, the Texas Court of Criminal
Appeals, and the various courts of appeals throughout the State) are those whose powers are granted
and defined in Chapter 22 of the Texas Government Code. Tex. Gov't Code Ann. Ç§ 22.001-.302
(Vernon 2004 & Supp. 2006). County courts at law are those which are the subject of Chapter 25,
Texas Government Code, and constitutional county courts are the subject of Chapter 26, Texas
Government Code; both of these are trial courts, not appellate courts. Tex. Gov't Code Ann.
Ç§Â 25.0001-.2656, 26.001-.353 (Vernon 2004 & Supp. 2006).

 When an appeal is taken from a justice court to a county court at law or a county court (to
which reference is made generically hereafter as "county court"), the county court hears the matters
de novo; that is, when the case is heard in the county court, there is to be a new trial on the entire
case, on both questions of fact and issues of law, conducted as if there had been no trial in the first
instance. Lamar County Appraisal Dist. v. Campbell Soup Co., 93 S.W.3d 642 (Tex.
App.--Texarkana 2002, no pet.). There are no provisions in Texas law for trials de novo in the
courts of appeals. In contrast to a de novo hearing, it is well settled in Texas that an appellate court's
review is confined to the record in the trial court when the trial court acted. See, e.g., Perry v. Del
Rio, 66 S.W.3d 239 (Tex. 2001); Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 52 n.7
(Tex. 1998); Univ. of Tex. v. Morris, 162 Tex. 60, 344 S.W.2d 426, 429 (1961); Monsanto v. Davis,
25 S.W.3d 773, 781 (Tex. App.--Waco 2000, pet. dism'd w.o.j.).

 Whereas trial courts have the ability to shepherd the development of the evidence, the
appellate courts are restricted to the record as produced at the trial level. Sabine Offshore Serv., Inc.
v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); Carlton v. Trinity Universal Ins. Co., 32
S.W.3d 454, 458 (Tex. App.--Houston [14th Dist.] 2000, pet. denied); Luckette v. State, 906 S.W.2d
663, 668 (Tex. App.--Amarillo 1995, pet. ref'd). A county court or county court at law, hearing
appeals from justice courts on a trial de novo basis, are not considered a court of appeals. 

 The Texas Rules of Appellate Procedure are simply not applicable to the appeal of a matter
from a justice court to a county court. See Tex. R. App. P. 1.1. Accordingly, the Texas Rules of
Appellate Procedure do not vest the judge of the county court at law with the authority to extend the
time for the filing of an appeal past the thirty days set out in Section 411.180(e) of the Texas
Government Code. 

 When the thirty days had elapsed from the date that the justice court had issued its ruling
which affirmed the suspension of Jones's concealed handgun license, that judgment became final;
the county court at law did not possess any jurisdiction over the matter and, hence, lacked the
authority to enter any orders of any nature concerning the case. The order the county court at law
entered denying the suspension of the license is a nullity.

 The other of Jones's complaints on appeal deal with matters concerning the actions of the
justice court and its authority to enter the order of suspension. Because Jones failed to properly
follow his remedies for review as provided by statute, neither the county court at law nor this Court
have the authority to deal with those complaints in this case. The trial court, having no jurisdiction
to render judgment, the judgment entered by it is void. This Court may only declare such judgment
void, set it aside, and dismiss the appeal. (2)



 Bailey C. Moseley

 Justice


Date Submitted: March 28, 2007

Date Decided: April 13, 2007
1. A concealed handgun license may be suspended if the holder of the license "is charged with
the commission of a Class A or Class B misdemeanor or an offense under Section 42.01, Penal
Code, or of a felony under an information or indictment." Tex. Gov't Code Ann. § 411.187(a)(1).
2. Ins. Co. of the State of Pa. v. Martinez, 18 S.W.3d 844, 847 (Tex. App.--El Paso 2000, no
pet.); Bahr v. Kohr, 928 S.W.2d 98, 100 (Tex. App.--San Antonio 1996, writ denied).