Opinion issued August _____, 2010













Concurring and Dissenting opinion issued August 31, 2010

 

 

 

 

 

In The

Court of
Appeals

For The

First
District of Texas

 

NO. 01-08-00542-CV




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



In RE Ralph o. Douglas, Appellant

 

 



On Appeal from the 127th District Court

Harris County, Texas

Trial
Court Cause No. 2006-39052

 



Concurring and Dissenting Opinion

            I concur in
the majority’s opinion as to the trial court’s dismissal of Mr. Douglas’
petition under Chapter 14, but find the majority’s holding on the vexatious litigant
issue to be incorrect.  I would hold that
the trial court abused its discretion when it declared Douglas a vexatious
litigant because the governing statute, a rather explicit, specific,
itemized, and particularized statute, does not authorize the trial
court to raise the issue sua sponte.[1]
 Accordingly, I would reverse the
judgment of the trial court with respect to the vexatious litigant finding and
related pre-filing order.  I would also
overrule Douglas’ judicial misconduct claim, but on a different basis.

Vexatious
Litigant Statute

In three subchapters, Chapter 11 of the Texas Civil
Practice and Remedies Code sets forth the statutory scheme for dealing with vexatious litigants: 

·       
“General
Provisions” (Subchapter A, § 11.001); 

·       
“Vexatious
Litigants” (Subchapter B, §§ 11.051–.057); and 

·       
“Prohibiting
Filing of New Litigation” (Subchapter C, §§ 11.101–.104). 

Subchapter B sets forth the exclusive provisions authorizing a trial court to declare a
plaintiff a vexatious litigant, pursuant to which a defendant may move the court for an order declaring the plaintiff a
vexatious litigant within ninety days of filing its original answer in the
case.[2]  The court must then stay the proceeding,
notice the parties, and hold an evidentiary hearing on the matter.[3]  After the hearing, if the court finds
that “the defendant [has] show[n]…” certain expressly required facts, the court
may then declare the plaintiff a vexatious litigant (and if so declared, must
then order the plaintiff to furnish security for the benefit of the moving
defendant, non-compliance with which, requires dismissal of the underlying
litigation).[4] 

Having
declared the plaintiff a vexatious litigant pursuant to Subchapter B, the court
may then,
either on the motion of a party or acting sua sponte, enter a pre-filing order
prohibiting the vexatious litigant from filing any new litigation without permission
from the local administrative judge pursuant to Subchapter C.  Section 11.101 of Subchapter C states in its
entirety:

§ 11.101. PREFILING ORDER; CONTEMPT.  

(a) A court
may, on its own motion or the motion of any party, enter an order prohibiting a
person from filing, in propria persona, a new litigation in a court in this
state if the court finds, after notice and hearing as provided by
Subchapter B, that:

     (1) 
the person is a vexatious litigant; 
and

(2)  the local administrative judge of the court
in which the person intends to file the litigation has not granted permission
to the person under Section 11.102 to file the litigation.                            

(b)  A person who disobeys an order under
Subsection (a) is subject to contempt of court.

Tex. Civ. Prac. & Rem. Code Ann. § 11.101 (Vernon 2002) (emphasis added).

Read in its
entirety (rather than considering section 11.101 in isolation), Chapter 11 yields
an understanding that it authorizes the trial court to issue a pre-filing order
only after its vexatious litigant
finding pursuant to Subchapter B.[5]  The only notice and hearing provisions in
Subchapter B are set forth in section 11.053, and section 11.053 is contingent
upon the defendant’s timely request for a vexatious litigant
order pursuant to section 11.051.  Thus,
under the plain language of section 11.051, the defendant’s request within
ninety days of filing the original answer is a statutory prerequisite
for any vexatious litigant declaration.[6]  

In the present case, Douglas’
petition for bill of review was dismissed prior to service of citation, thus
the named defendants were never provided notice to enter an appearance in this
suit, much less file a section 11.051 motion with the court.  Accordingly, I would hold that the
trial court abused its discretion when it declared Douglas a vexatious litigant
because the trial court did not comply with the mandatory statutory
scheme.  For this reason, I would reverse
the judgment of the trial court with respect to the vexatious litigant finding
and related pre-filing order.   

The
majority portrays my reading of the vexatious litigant statute as violative of
statutory construction doctrines because, they purport, it fails to consider section
11.101, is “directly contrary” to that section’s plain language, and
renders the language of that section “superfluous.”  Majority opinion, pp. 18-20.  On the contrary, that section’s authorization
to issue a pre-filing order presupposes a vexatious litigant declaration by the
court in that it merely authorizes the trial court to issue a pre-filing order once it has declared a litigant vexatious
pursuant to Subchapter B.  It does not—as
the majority and trial court contend—authorize the trial court to make the
initial vexatious litigant declaration. 
Viewing Chapter 11 in its entirety, it is apparent that the trial
court’s authority to make such a declaration is governed by Subchapter B, not
Subchapter C.  My reading, which pertains
exclusively to the trial court’s authority to declare a litigant vexatious
under Subchapter B, does not conflict with the trial court’s authority to issue
a pre-filing order under Subchapter C’s section 11.101, much less render
section 11.101 superfluous or ineffective.[7]

Indeed, the
majority’s reading could render other
portions of Chapter 11, e.g., section
11.051, superfluous.  Such an
interpretation is also logically inconsistent with the law of at least three of
our sister courts.[8]  Section 11.051 requires a defendant to move
the court for an order declaring the plaintiff a vexatious litigant within ninety
days of filing its original answer.  Why
would the Legislature impose a time limit on a defendant’s ability to request a
vexatious litigant order, if the court were able issue such a declaration, on
its own initiative, at any time?  Given
that a court of appeals must affirm a judgment on any legal basis supported by
the record, how could a trial court have erred or abused its discretion when it
declared a party a vexatious litigant simply because the issue was raised
outside section 11.051’s ninety-day period, if the court was able to raise the
issue sua sponte at any time?[9]  If the trial court may, as the majority
contends, declare a litigant vexatious sua
sponte at any time, then section 11.051’s ninety-day deadline is
effectively superfluous. 

In addition to these
published opinions, both the Corpus Christi and Fourteenth Courts of Appeals
have reached similar
results in Scott v. Texas Department of
Criminal Justice[10]
and Akinwamide v. Transportation
Insurance Company.[11]  The majority’s criticism of Scott and Akinwamide on the grounds that neither opinion “mentioned or even considered section 11.101” is not just
inapposite but ironic as those opinions addressed
the trial court’s authority to declare a litigant vexatious under Subchapter B not the trial court’s authority to issue
a pre-filing order under Subchapter C (§§ 11.101–.104).  Majority opinion, p. 17.  Thus, Scott’s
or Akinwamide’s silence as to section 11.101 was dictated by its inapplicability. 

The majority also asserts
that the Akinwamide court’s
discussion of a trial court’s “inherent power” to prevent vexatious litigation
is dictum because the court did not need to reach that question in order to
resolve the issues presented to it.  In Akinwamide, the trial court declared the
appellant/plaintiff a vexatious litigant after the appellees/defendants filed a
section 11.051 motion.[12]  On appeal, the appellant argued that the
trial court abused its discretion when it declared him a vexatious litigant
because the appellees’ motion was untimely.[13]  Citing to University
of Texas v. Morris[14]
and Birdo v. Holbrook,[15]
the appellees countered that even if the motion did not comply with the
statutory time limit, the court’s declaration was nonetheless proper in light
of the court’s “inherent power” to protect judicial resources and prevent
vexatious litigation.[16]  Noting that both Morris and Birdo
pre-dated the vexatious litigant statute, and that although both cases “stand
for the proposition the courts have the inherent power to apply certain
restrictions on pro se plaintiffs in order to protect judicial
resources, but they do not stand for the proposition the courts can inherently
declare a plaintiff a vexatious litigant,” the court of appeals rejected the
appellees’ “inherent power” argument and held that the trial court abused its
discretion when it declared appellant a vexatious litigant because defendants’
motion was untimely.[17]  

The Akinwamide court’s discussion of a trial court’s “inherent power”
to prevent vexatious litigation in that case can hardly be described as
dictum.  The court’s rejection of the
appellees’ “inherent power” argument was a necessary step in light of the fact
that a court of appeals must affirm the judgment of a trial court if it can be
upheld on any legal theory that finds support in the evidence.  See In re W.E.R., 669 S.W.2d 716, 717
(Tex. 1984).  If the appellees’ “inherent
power” argument had been correct, the court of appeals would have had no choice
but to affirm the trial court’s order declaring the appellant a vexatious
litigant.

According to the majority,
my interpretation not only denies courts their “inherent right to protect
judicial resources from waste in frivolous and vexatious litigation,” but also results
in an unreasonable construction of the statute that goes against the
Legislature’s intent.  In support of this
claim, the majority cites to Morris[18] and Birdo,[19]
two pre-Chapter 11 cases that held that courts have equitable power to prevent
vexatious litigation.  As previously
discussed, this argument has already been rejected by one of our sister courts
in Akinwamide.[20]  As the Akinwamide
court correctly pointed out, both Morris
and Birdo pre-date the Legislature’s
enactment of Chapter 11.   

According to the majority,
Chapter 11 was intended to “make it possible for courts to control their
dockets . . . while, at the same time, providing protections for litigants’
constitutional rights to an open court when they have genuine claims that can
survive the scrutiny of the administrative judge and the posting of security to
protect defendants.”[21]  Majority opinion, p. 20-21.  On the contrary, there is no indication that
the Legislature enacted Chapter 11 in order to “make it possible for courts to
control their dockets.”  The vexatious
litigant statute was enacted in order to give the courts an additional tool to
use as a deterrent to the filing of vexatious litigation; it was not intended
to give the courts the type of unbridled authority advocated by the majority.[22]
 Had the Legislature wanted to expand
upon or incorporate the “inherent powers” principle previously espoused by both
Morris and Birdo, it certainly could have done so.  Instead the Legislature chose to enact a
scheme in which a party’s request for a vexatious litigant declaration is a statutory
prerequisite for any such declaration.[23]  Further, such a request triggers the trial court’s
obligation to order the plaintiff to furnish security for the benefit of the
moving defendant—assuming the court finds the plaintiff to be a vexatious
litigant after notice and hearing.[24]

Although I share the
majority’s frustration with the potential for judicial inefficiencies attendant
to inmate litigation that may be considered frivolous, the statute speaks for
itself and it is the Legislature’s function to amend it, not this Court’s to
gloss over it or write around it.

Judicial Misconduct

Although I agree with the
majority’s disposition of Douglas’ judicial misconduct claim, I disagree with
the­­­­ reasoning. 

In his final issue on
appeal, Douglas contends that the trial court judge was biased against him,
thus depriving him of his constitutional right to have his suit decided by a
fair and impartial judge.  Specifically, Douglas
contends that the trial court’s repeated use of the terms “retaliate” and
“harassing the defendants” to describe his conduct in its May 23, 2008 order,
coupled with the fact that the trial court directed the clerk to send a copy of
the order to the Texas Board of Pardons and Paroles, evidenced the trial court
judge’s intent to “poison and influence the board’s decision” regarding his
parole eligibility. 

To reverse a
judgment on the ground of judicial misconduct, we must find
judicial impropriety coupled with probable prejudice to the complaining party.[25]  We examine the entire record to determine
whether these factors are present.[26]


Although the inflammatory
language of the trial court’s order and the extra-judicial action of sending a
copy to the Board of Pardons and Paroles were unwarranted, we need not reach
the issue of whether the court’s statements or actions constituted judicial
impropriety because the record does not reflect that Douglas was prejudiced by
the alleged bias of the trial court.  The
trial court’s dismissal of Douglas’ petition pursuant to Chapter 14 was proper,
and, to the extent that Douglas may have been harmed by copy of the order being
sent to the Board of Pardons and Paroles, this would not, in and of itself,
warrant reversal of the court’s otherwise proper judgment.[27]  Accordingly, I would overrule Douglas’ final
issue on this basis.

 

                                                                   Jim
Sharp

                                                                   Justice

 

 Panel consists of Justices Keyes, Sharp, and
Massengale.

Justice Sharp, concurring and
dissenting.











[1]           See Tex.
Civ. Prac. & Rem. Code Ann. §§ 11.001–.056 (Vernon 2002).





[2]           Id. at § 11.051.





[3]           See id. at §§ 11.052 (staying
proceeding) and 11.053 (notice and hearing).





[4]           Id. at §§ 11.054-.056.





[5]           Id. at § 11.101 (stating court may
issue pre-filing order “if the court finds, after notice and hearing as provided in Subchapter B [sections
11.051-.057], that . . . the person is a vexatious litigant”) (emphasis
added); see generally id. at
§ 11.054 (“Criteria for Finding Plaintiff a Vexatious Litigant”).





[6]           See
Dishner v. Huitt-Zollars, Inc., 162 S.W.3d 370, 377 (Tex. App.—Dallas 2005,
no pet.) (holding trial court abused its discretion in declaring appellant vexatious
litigant because
section 11.051 motion filed outside ninety-day time period); In re Marriage
of Grossnickle, 115 S.W.3d 238, 252 (Tex. App.—Texarkana 2003, no pet.)
(stating that “the ‘vexatious litigant’ statute applies
only when [a section 11.051 motion is] filed within ninety days after date on
which a defendant files his or her original answer”); Spiller v. Spiller,
21 S.W.3d 451, 454 (Tex. App.—San Antonio 2000, no pet.) (holding section
11.051 motion filed outside ninety-day period was untimely); cf. Scott
v. TDCJ, No. 13-07-00718-CV, 2008 WL 4938265, at *3, 5 (Tex. App.—Corpus Christi Nov. 20, 2008, no pet.) (holding
trial court abused its discretion by declaring inmate vexatious litigant
because statute did not authorize court to raise issue sua sponte).  The majority regards Dishner, Spiller, and Grossnickle as inapplicable because they are factually distinguishable
from the instant case since the defendants in these cases all appeared and
sought vexatious litigant declarations. 
As discussed later, the underlying reasoning and analysis in these cases
is nonetheless pertinent to this appeal. 
See infra pp. 6–7 & n9.

 





[7]           See Tex.
Gov’t Code Ann. § 311.021(2) (Vernon 2005) (requiring courts
construe statutes based on
presumption that Legislature intended entire
statute to be effective); City of Marshall v. City of Uncertain,
206 S.W.3d 97, 105 (Tex. 2006) (citing City of San Antonio v. City of Boerne,
111 S.W.3d 22, 29 (Tex. 2003)) (stating courts should avoid construing statutes in manner that renders any
part of statute meaningless or
superfluous).  





[8]           See Dishner, 162 S.W.3d at 377; Spiller,
21 S.W.3d at 454; Grossnickle, 115 S.W.3d at 252.





[9]           Compare Majority opinion, p. 33 (affirming
trial court order declaring appellant vexatious litigant, despite lack of timely
section 11.051 motion) with
Dishner, 162 S.W.3d at 377 (reversing trial court order declaring appellant
vexatious
litigant because court
failed to comply with Chapter 11’s statutory scheme), Spiller, 21 S.W.3d
at 454 (same), and Grossnickle, 115 S.W.3d at 252 (holding trial court
did not err in failing to find party vexatious litigant because defendant did
not file section 11.051 motion within ninety-day period).





[10]             No.
13-07-00718-CV, 2008 WL 4938265, at *3,
5 (Tex. App.—Corpus Christi Nov. 20, 2008, no pet.) (mem. op.) (holding trial
court abused its discretion by declaring inmate vexatious litigant because
statute did not authorize court to raise issue sua sponte).





[11]          No.
14-06-01054-CV, 2008 WL 660303, at *4 (Tex. App.—Houston [14th Dist.] Mar. 11,
2008, pet. denied) (mem. op.) (holding trial
court abused its discretion by declaring plaintiff vexatious litigant because
defendants’ section 11.051 motion was untimely and court did not have “inherent
power” to issue such a declaration). 


 





[12]          Id. at *1.  





[13]          Id. at *3.  





[14]          162 Tex. 60, 344 S.W.2d 426, 428 (1961).





[15]          775 S.W.2d 411, 412–13 (Tex. App.—Fort Worth
1989, writ denied).





[16]          2008 WL
660303, at *4.  





[17]          Id.





[18]          162 Tex. at 62, 344 S.W.2d at 428.





[19]          775 S.W.2d at 412–13.





[20]          2008 WL
660303, at *4.





[21]          Ironically,
the majority’s interpretation would nonetheless, effectively strip away these
very constitutional protections by allowing trial courts to declare a litigant
vexatious without regard to the statutory scheme enacted by the Legislature.





[22]          See generally House Comm. On Civil Practices, Bill Analysis, Tex. H.B.
3087, 75th Leg., R.S. (1997) (stating purpose of Chapter 11 to “curb vexatious
litigation by requiring plaintiffs found by a court to be ‘vexatious’ to post
security for costs before proceeding with a lawsuit”).





[23]          Tex. Civ. Prac. & Rem. Code Ann. § 11.05l; see
Dishner, 162 S.W.3d at 377; Spiller, 21 S.W.3d at 454.





[24]          See Tex.
Civ. Prac. & Rem. Code Ann. § 11.05l.





[25]          Silcott
v. Oglesby, 721 S.W.2d 290, 293 (Tex. 1986); Erskine v. Baker, 22
S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied); Metzger v. Sebek,
892 S.W.2d 20, 39 (Tex. App.—Houston [1st Dist.] 1994, writ denied).





[26]          Metzger, 892 S.W.2d at 39. 





[27]          See Erskine, 22 S.W.3d at 540 (stating reversal of judgment should not be
ordered unless there is showing of impropriety which resulted in rendition of
improper judgment).