**Tom E. DISHNER, Appellant,**

v.

**HUITT–ZOLLARS, INC., Appellee.**

**No. 05–04–00110–CV.**

Court of Appeals of Texas, Dallas.

April 4, 2005.

Rehearing Overruled May 11, 2005.

Tom E. Dishner, Dallas, pro se.

Katrin U. Schatz, Baker Botts, Dan Hartsfield, Baker & Botts, L.L.P., Gary Michael Ashmore, Dallas, for Appellee.

Before Justices WRIGHT, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

Tom E. Dishner appeals the trial court's judgment in his religious discrimination suit against his former employer, Huitt–Zollars, Inc. The trial court's final order (the "Order") decreed that Dishner take nothing from Huitt–Zollars and determined that Dishner was a vexatious litigant within the meaning of section 11.054 of the Texas Civil Practice and Remedies Code. We affirm the trial court's Order.

### Background

Dishner was employed by Huitt–Zollars, an architectural and engineering firm. Dishner filed his claim against Huitt–Zollars pursuant to the Texas Commission on Human Rights Act (the "TCHRA"), alleging that he was subjected to harassment and a hostile work environment on account of his religion. Specifically, Dishner's petition alleged that the employees of Huitt–Zollars are members of a powerful and extensive religious cult,

> which has as part of [its] beliefs the systematic harassment of Tom Dishner, including the invasion of my privacy using high-tech surveillance, and the use of an electroconvulsive type signal which interrupts the thought process.

According to Dishner, the cult is led by one of his high school classmates, and its membership includes a long list of local and state public officials and members of the judiciary. At Huitt–Zollars, Dishner claims, the cult subjected him to physical and sexual hostilities, attempted to murder him by infecting him with smallpox, tortured and killed his cat, and held a gun to his head. Dishner objected to "their beliefs in evil and evil deeds being forced on [him]" to no avail. Ultimately, he claims, he could bear no more and left his employment.

During the course of proceedings in the trial court, Dishner filed a motion to recuse trial judge Jay Patterson on grounds Judge Patterson was a member of the cult. The motion was denied. Huitt–Zollars filed a motion to declare Dishner a vexatious litigant. That motion was heard twice, and it was granted the second time. At the same time, the trial court granted Huitt–Zollars's no-evidence motion for summary judgment and entered its Order that Dishner take nothing on his claim. The trial court determined it had no jurisdiction to hear Dishner's late-filed motion for new trial. Dishner appeals based on this series of adverse rulings.

### Motion for Recusal

In his first issue, Dishner complains that during the recusal proceedings he received "improper notification" of both the appointment of the assigned judge and

the hearing itself. The record establishes Judge Patterson declined to recuse himself and properly referred the case to the presiding judge of the relevant administrative region. *See* TEX.R. CIV. P. 18a(d). Judge Patterson's December 6, 2002 order to that effect indicated a copy of the order was to be sent to the "Pro Se Plaintiff" and "Defendant Counsel of Record." Appellant denied receiving a copy of this order. Regardless, the presiding judge issued his order on December 12, 2002, assigning the motion to Judge Pat McDowell. That same order required the clerk to post a copy of the order "on the notice board so that attorneys and parties may be advised" of the assignment. Nothing in the record indicates the notice was not posted. Finally, appellant's brief concedes that he received notice by telephone on or about December 23, 2002, of the hearing to be held by Judge McDowell on January 3, 2003. Appellant appeared at the January 3 hearing and presented his own testimony in support of the motion to recuse. Judge McDowell denied the motion to recuse at the close of the hearing.

Dishner's complaints concerning notice are governed by rule 18a. That rule states in relevant part:

> The presiding judge of the administrative judicial district shall immediately set a hearing before himself or some other judge designated by him, *shall cause notice of such hearing to be given to all parties or their counsel,* and shall make such other orders ... as justice may require.

TEX.R. CIV. P. 18a(d) (emphasis added). We find no specific directive requiring separate notice of the identity of the assigned judge. Accordingly, the presiding judge's posted notice of the assignment of Judge McDowell to hear the motion to recuse was more than adequate notice of that assignment. Notice of the hearing itself is required by the rule, but we conclude the court's telephonic notice to Dishner some ten days before the hearing setting was appropriate notice pursuant to rule 18a. The method of notice was clearly calculated to inform—and in fact did inform—Dishner of the hearing on his motion. Moreover, Dishner had sufficient time to object to the assigned judge or to the time of the hearing if either had been of concern to him. He did not object during the approximately ten-day period before the hearing; nor did he object at the hearing. We decide appellant's first issue against him.

■■■ Appellant's second issue complains of Judge McDowell's denial of appellant's recusal motion. We review the denial of this motion for abuse of discretion. TEX.R. CIV. P. 18a(f). Dishner's motion set forth three grounds supporting recusal: (1) a 2002 "confrontation" between Dishner and Judge Patterson, (2) a 1982 "encounter" between Dishner and Judge Patterson, and (3) Dishner's conjecture that his case was not randomly assigned to Judge Patterson's court because of the purported involvement by the district clerk and members of his staff in the cult described in Dishner's petition. However, Dishner stressed the 2002 meeting in his testimony at the hearing on the recusal motion, and only this ground is addressed in Dishner's brief before this Court. We will, therefore, limit our consideration to that proposed ground for recusal.

According to Dishner, the 2002 meeting took place at the Senate District 8 Republican Convention at Newman Smith High School. There, Judge Patterson purportedly made statements to Dishner indicating Judge Patterson knew about Dishner's employment at Huitt–Zollars and about his complaint against Huitt–Zollars. According to Dishner, Judge Patterson told Dishner there was an incorrect date in the

complaint and that the case would end up in Judge Patterson's court. But at that time, Dishner's complaint was pending only before the Texas Commission on Human Rights; no case had been filed in district court. Therefore, according to Dishner, Judge Patterson must have "know[n] in some way or [been] involved in some way with the defendants." On cross-examination, Dishner testified that "[e]very indication would be" that Judge Patterson is a member of the cult he alleges was persecuting him at Huitt–Zollars. Dishner offered no evidence other than his own testimony to support the claim that Judge Patterson was somehow biased against him.

Judge McDowell was charged with evaluating Dishner's credibility in deciding the motion. Judge McDowell had the opportunity to view Dishner during the hearing and to question him concerning his allegations. We do not determine the credibility of any witness, nor will we substitute our judgment for that of the trial court. *Reese v. Duncan*, 80 S.W.3d 650, 661 (Tex.App.-Dallas 2002, pet. denied). We find no abuse of discretion in Judge McDowell's denial of the motion to recuse. We decide Dishner's second issue against him.

### SUMMARY JUDGMENT

■ Dishner's third issue avers the trial court erroneously granted Huitt–Zollars's motion for summary judgment. Dishner argues the no-evidence motion was insufficient because it was global and lacked specificity as to the element or elements challenged, it offered evidence in support and thus should be read as a traditional motion under rule 166a(c), and it was proffered before adequate time for discovery had passed. We disagree with each of these arguments.

■ The United States Supreme Court has prescribed a shifting burden of proof in employment discrimination cases. At the outset, the employee has the burden of establishing a prima facie case of unlawful discrimination. *Tex. Dep't of Human Servs. of State of Tex. v. Hinds*, 904 S.W.2d 629, 636 (Tex.1995) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Dishner's religious discrimination claim is based on "accommodations being denied in the form of the intentional creation of a hostile work environment based on [his] bona fide beliefs." A plaintiff bringing such a claim under the TCHRA makes a prima facie case by establishing three elements: (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; and (3) he suffered an adverse consequence for failure to comply with the conflicting employment requirement. *Grant v. Joe Myers Toyota, Inc.*, 11 S.W.3d 419, 422–23 (Tex. App.-Houston [14th Dist.] 2000, no pet.). When a no-evidence summary judgment is filed against a plaintiff making this claim, the plaintiff must provide more than a scintilla of proof for each of the three elements of his case to survive summary judgment. *Id.* at 423.

The rules of civil procedure require a no-evidence summary judgment motion to "state the elements as to which there is no evidence." TEX.R. CIV. P. 166a(i). In this case, Huitt–Zollars's motion correctly identified the elements of Dishner's religious discrimination claim. Then under the heading "Plaintiff Has No Evidence of an Adverse Employment Action," the motion charged that Dishner "cannot come forward with evidence showing that he was subjected to any adverse employment action during his tenure with Huitt–Zollars." This language was specific and sufficient to identify the third element of the claim—the existence of an adverse employment

consequence—as a ground of Huitt–Zollars's no-evidence motion. Our review of the record establishes that Dishner did not proffer even a scintilla of evidence to establish that he had in fact suffered an adverse employment action because of his failure to comply with some religious requirement imposed by Huitt–Zollars. Accordingly, this single ground suffices to support the adequacy of the no-evidence motion and the judgment based thereon. *See Grant*, 11 S.W.3d at 422–23 (showing of adverse employment action required for prima facie case of religious discrimination).

Dishner next complains that—because Huitt–Zollars proffered summary judgment evidence with its motion—the motion should have been treated as a traditional summary judgment motion under rule 166a(c). Our supreme court has rejected the theory that a no-evidence motion that attaches evidence is somehow transformed by that attachment into a traditional motion. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex.2004) (disapproving of "decisions that hold or imply that, if a party attaches evidence to a motion for summary judgment, any request for summary judgment under Rule 166a(i) will be disregarded"). Dishner also argues that the motion is based on various "affirmative defenses." If this were so, a no-evidence motion would be inappropriate, because Huitt–Zollars would bear the burden of proof on the affirmative defense. However, we identify no affirmative defense argued within the motion or supported by summary judgment evidence.[1] We conclude Huitt–Zollars's motion was clearly a no-evidence motion within the understanding of rule 166a(i). If, despite the motion's clarity, Dishner purports to have been confused by the grounds for the motion, he was required to specially except to preserve the error for appeal. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex.1993) ("An exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous."). Dishner did not specially except to the motion. He cannot complain now that the nature of the motion was insufficiently clear. *See id.*

Finally, Dishner claims that he was denied adequate time for discovery before being required to respond to the no-evidence motion. *See* Tex.R. Civ. P. 166a(i) (party may move on no-evidence grounds "[a]fter adequate time for discovery"). Dishner first stresses that the discovery period set by scheduling order was not over when Huitt–Zollars filed its motion. This Court has refused to read into the rule a bright-line requirement that the discovery period be completed before a no-evidence motion can be filed. *See Restaurant Teams Intern., Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 339 (Tex.App.-Dallas 2002, no pet.). We have stressed, instead, that whether a nonmovant has had adequate time for discovery under rule 166a(i) is case specific. *Id.* Dishner next argues his case is so complex that he required more time to pursue discovery. But we need not analyze the relative complexity of Dishner's case. When a party contends he has not had an adequate opportunity for discovery before a no-evidence summary judgment hearing, he must file either an affidavit explaining the need for further

---

1. Huitt–Zollars's evidence is actually limited to anticipated rebuttal. Specifically, Huitt–Zollars anticipated Dishner would offer his own testimony in response to the no-evidence motion. The evidence accompanying the motion was intended to establish that such testimony would be inadmissible. When Dishner offered no testimony, the evidence became irrelevant to the disposition of the motion.

discovery or a verified motion for continuance. *Brown v. Brown,* 145 S.W.3d 745, 749 (Tex.App.-Dallas 2004, pet. denied). Dishner did neither. Accordingly, he cannot show an abuse of discretion in the trial court's hearing and deciding the motion when it did.

We decide Dishner's third issue against him as well.

## DECLARATION OF VEXATIOUS LITIGANT

▇ Dishner's fourth issue raises procedural objections to the trial court's declaration-made in the same Order as the grant of summary judgment-that Dishner is a vexatious litigant. Texas law provides a mechanism allowing a plaintiff to be declared a vexatious litigant. *See* TEX. CIV. PRAC. & REM.CODE ANN. ch. 11 (Vernon 2002). But a defendant must file the motion triggering that mechanism "on or before the 90th day after the date the defendant files the original answer ..." *Id.* § 11.051. Dishner asserts that the motion to declare him a vexatious litigant, although originally filed in a timely fashion, was first continued and then withdrawn by Huitt–Zollars. The record indicates this is correct. Nevertheless, the trial court later made the vexatious-litigant declaration under the auspices of Huitt–Zollars's motion for summary judgment. The summary judgment motion was filed after the statutory 90–day period had expired.[2] It was, therefore, error for the trial court to grant relief under that circumstance. *See, e.g., In re Marriage of Grossnickle,* 115 S.W.3d 238, 252 (Tex.App.-Texarkana 2003, no pet.) ("the 'vexatious litigant' statute applies only when filed within ninety days after the date on which a defendant files his or her original answer"); *Spiller v. Spiller,* 21 S.W.3d 451, 454 (Tex.App.-San

Antonio 2000, no pet.) (motion filed some seven months after answer was untimely).

We decide Dishner's fourth issue in his favor and modify the judgment to remove the trial court's finding that Dishner is a vexatious litigant. This modification will not affect any other ruling by the trial court.

## MOTION FOR NEW TRIAL

▇ Finally, in his fifth issue, Dishner argues that the trial court erroneously dismissed his request to extend post-judgment deadlines in order to allow consideration of his motion for new trial. The Order was signed on December 23, 2003, triggering the final 30–day period of the trial court's plenary power. *See* TEX.R. CIV. P. 329b(d). However, Dishner alleged that he received no notice from the clerk that the trial court had signed a judgment in this case on December 23, 2003. Indeed, Dishner's motion claimed he did not learn the judgment had been signed until February 10, 2004, when he received a fax copy of the signed Order from Huitt–Zollars's counsel.

The trial court held a hearing on Dishner's motion. Dishner testified that he had not received notice of the signed judgment from the clerk. On cross-examination, Dishner acknowledged that he had received a letter from opposing counsel dated December 15, 2003, and that the letter transmitted a copy of the order counsel was proposing to the trial court. This proposed order, according to Dishner, granted Huitt–Zollars's motion for summary judgment and declared Dishner to be a vexatious litigant. Dishner further acknowledged that the Order he first saw in February was exactly the same as the

---

**2.** Huitt–Zollars's original answer was filed November 8, 2002. Its motion for summary judgment was filed September 24, 2003.

proposed order he saw in December. Dishner testified in response to opposing counsel's questions that he did not, after seeing the proposed order, make any inquiry to opposing counsel or the clerk to determine its status.[3] The trial court issued an order finding that Dishner had failed to show that he did not receive notice or actual knowledge of the signing of the Order before the expiration of 20 days from the date of the Order. Thus, the trial court concluded it lacked jurisdiction to consider Dishner's motion for new trial.

We review the trial court's findings of the date a party received notice of judgment by the well-known standards of legal and factual sufficiency of the evidence. *Welborn Mortgage Corp. v. Knowles*, 851 S.W.2d 328, 331–32 (Tex.App.-Dallas 1993, writ denied). As the fact finder, the trial judge weighs the evidence and judges a witness's credibility, and the judge may accept or reject any witness's testimony in whole or in part. *See id.* at 332. In this instance, the only evidence that Dishner had not received notice as required by rule 306a[4] was his own testimony to that effect. The record indicates that the clerk did mail notice of the signed judgment to both parties. The trial court established that the mailing was made to Dishner at his correct mailing address. The court also established that its file did not indicate the mailing had been returned.[5] Huitt–Zollars received its copy of the signed judgment from the clerk in a timely fashion. We conclude there is ample evidence to support the trial court's conclusion that Dishner did not prove he did not receive notice or have actual knowledge of the signed order within the time period required. To the extent the trial judge's ruling was based on determinations of credibility, we will not substitute our judgment for his. *See id.*

We decide Dishner's fifth issue against him.

## CONCLUSION

We modify the trial court's Order by deleting the following two sentences:

> The Court further heard arguments on Defendant's Motion for Order Determining Plaintiff a Vexatious Litigant and finds that this motion is well taken and should likewise be GRANTED. The Court hereby determines Plaintiff to be a vexatious litigant pursuant to Tex. Civ. Prac. & Rem.Code § 11.054.

As modified, we affirm the trial court's Order.

---

3. Nevertheless, on January 28, 2004, Dishner filed his notice of appeal, which stated:

   > On December 12 of 2003, Judge Patterson, granted the Defendant's Motion for Summary Judgment in this Employment Discrimination case. As of January 24, 2004, the Plaintiff has not been served with a signed order. The Defendant has served the Plaintiff with a proposed order by fax only—No "hard" copy has been served to the Plaintiff by mail.
   > Plaintiff Dishner intends to appeal this order to the Texas 5th Circuit Court of Appeals in Dallas County Texas.

4. That rule states:

When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. TEX.R. CIV. PRO. 306a(3).

5. On appeal, Dishner complains the trial court's comments on these matters were inadmissible hearsay, but Dishner did not object at the hearing. Even if the trial court's comments were hearsay, "[i]nadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." TEX.R. EVID. 802.