**AFFIRM and Opinion Filed April 1, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-01245-CV

## IN RE: ESTATE OF DORA JOSEPHINE MELTON, DECEASED

**On Appeal from the Probate Court No 1**
**Tarrant County, Texas**
**Trial Court Cause No. 2017-PR01689-1**

# MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Linda LaRue Hannah, the decedent's daughter, appeals the trial court's grant of summary judgment to Michael Henderson, the decedent's grandson, on her claim to set aside a deed that decedent Dora Josephine Melton executed shortly before her death. Ms. Hannah alleged that Ms. Melton lacked intent to execute the deed and did so only because of Mr. Henderson's undue influence, duress, and fraud. In four issues, Ms. Hannah contends the trial court erred in granting Mr. Henderson's motion for no-evidence summary judgment because an adequate time for discovery had not passed, the motion did not specify the elements on which no evidence

existed, and the trial court ruled without permitting her to file a late response to the motion. We affirm the trial court's judgment.

## BACKGROUND

Ms. Hannah filed an application for determination of heirship and for letters of administration regarding Ms. Melton's estate on June 14, 2017. Included with her application, she filed a suit to set aside a deed executed by Ms. Melton on December 15, 2016. The deed conveyed Ms. Melton's Fort Worth home to Mr. Henderson with a life estate reserved for Ms. Melton. Ms. Melton died on January 13, 2017.

Ms. Hannah alleges that Ms. Melton had no intent to execute the deed and only did so because Mr. Henderson exerted undue influence and duress on her. According to Ms. Hannah, Ms. Melton had suffered "numerous strokes" and "did not possess all of her mental faculties." Thus, Ms. Melton "was under close supervision of doctors and nurses." Mr. Henderson allegedly brought two friends to witness the deed execution, in light of Ms. Melton's diminished mental state, and "bolster" his claim to legal title. Ms. Melton was allegedly not of sound mind, did not understand what she signed, and would not have executed the deed but for Mr. Henderson's undue influence, duress, and fraud.

Mr. Henderson filed an answer and plea to the jurisdiction, contending Ms. Melton's death extinguished any cause of action to rescind the deed. Mr. Henderson also filed a motion for no-evidence summary judgment on June 25, 2018. In his

motion, Mr. Henderson detailed the elements of Ms. Hannah's claims, contending that no evidence existed to support any element. Ms. Hannah did not file a response. The trial court granted Mr. Henderson's motion on August 14, 2018, dismissing Ms. Hannah's claims and severing the application for determination of heirship and for letters of administration. This appeal followed.[1]

## STANDARD OF REVIEW

We review a trial court's summary judgment ruling *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which

---

[1] This appeal was originally filed in the Second Court of Appeals of Texas in Fort Worth. It was transferred to this Court by the Texas Supreme Court pursuant to a September 26, 2018 docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001.

there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

## ANALYSIS

Ms. Hannah raises four issues on appeal. The first issue, however, merely states that the trial court's judgment is final and appealable. It does not present a question or error for this Court to review. *See* TEX. R. APP. P. 38.1(f).

In her remaining issues, Ms. Hannah contends the trial court erred in granting Mr. Henderson's motion for no-evidence summary judgment because adequate time for discovery had not passed, the motion did not specify the elements of the claims on which no evidence existed, and the trial court ruled without permitting her to file a late response to the motion.

In her second issue, Ms. Hannah contends that the trial court erred by conducting the hearing on Mr. Henderson's motion for summary judgment before the end of the discovery period. The hearing was held sixteen days before the end of the discovery period.

There is no bright-line requirement that the discovery period must have passed before a no-evidence motion can be filed. *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2005, no pet.). A party contending that it has not had an adequate opportunity for discovery before a no-evidence summary judgment hearing must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Killingsworth v. Hous. Auth. of City of Dallas*, 447 S.W.3d 480, 495 (Tex. App.—Dallas 2014, pet. denied); *see also* TEX. R. CIV. P. 166a(g), 251, 252.

The record does not reflect that Ms. Hannah objected to the date of the hearing or filed a motion for continuance to conduct additional discovery. Consequently, she has waived any objection to proceeding with the summary judgment hearing without further discovery. *See Tenneco Inc.*, 925 S.W.2d at 647; *AT&T Corp. v. Sw. Bell Tel. Co.*, No. 05-99-00186-CV, 2000 WL 14711, at \*6 (Tex. App.—Dallas Jan. 11, 2000, no pet.) (not designated for publication) ("By proceeding with the summary judgment hearing without objection, we determine [appellant] waived its objection to proceeding with the hearing without further discovery.").

Waiver aside, the record reflects that an adequate time for discovery had passed before the trial court heard Mr. Henderson's motion. The case had been pending for a year when the motion for summary judgment was filed, and the motion

had been on file for two months before the hearing was conducted. On the record before us, we overrule Ms. Hannah's second issue.

In her third issue, Ms. Hannah contends that the motion failed to specify the elements of her claims on which Mr. Henderson alleged no evidence existed. We disagree.

A motion for no-evidence summary judgment must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310. Mr. Henderson's First Amended Motion for Summary Judgment met this standard. In his motion, Mr. Henderson first detailed the elements of undue influence, fraud, and duress. He then alleged that there was no evidence of any element of Ms. Hannah's claims, detailing the elements of each claim on which there was no evidence. In other words, Mr. Henderson specifically "state[d] the elements as to which there is no evidence." *See* TEX. R. CIV. P. 166a(i). Consequently, we overrule Ms. Hannah's third issue.

In her fourth issue, Ms. Hannah contends that the trial court should have continued the hearing on Mr. Henderson's motion for no-evidence summary judgment to allow her to file a late response. She does not cite evidence in the record or offer any argument to explain how the trial court erred. Her argument on this issue consists only of a discussion of the history of rule 166a(i) and *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002), addressing the

requirements for a motion for leave to file a late summary judgment response or motion for continuance.

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). We are not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Pratt v. State*, 907 S.W.2d 38, 47 (Tex. App.—Dallas 1995, writ denied) (citing *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994)). We also "know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them." *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (internal quotation omitted). Thus, an appellant's failure to cite legal authority or provide substantive analysis of a legal issue results in waiver of the complaint. *Fredonia State Bank*, 881 S.W.2d at 284 (observing that error may be waived by inadequate briefing); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

By failing to present substantive legal analysis and citation to the record, Ms. Hannah has waived her fourth issue. Regardless, the record does not reflect that she filed either a motion for leave to file a late summary judgment response or, as discussed above, a motion for continuance. Moreover, a court "must grant" a motion for no-evidence summary judgment "unless the respondent produces summary

judgment evidence raising a genuine issue of material fact." Tᴇx. R. Cɪv. P. 166(a)(i). The record reflects that Ms. Hannah offered no evidence in response to Mr. Henderson's motion for no-evidence summary judgment. Consequently, we overrule her fourth issue.

## CONCLUSION

Having overruled all of Ms. Hannah's issues, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181245F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN RE: ESTATE OF DORA
JOSEPHINE MELTON,
DECEASED

No. 05-18-01245-CV

On Appeal from the Probate Court
No 1, Tarrant County, Texas
Trial Court Cause No. 2017-PR01689-1.
Opinion delivered by Justice Partida-Kipness. Justices Osborne and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of April, 2020.