# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00862-CV

---

### Gerald Allen Perry, Appellant

### v.

### The State of Texas, Appellee

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-002386, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Gerald Allen Perry, an inmate acting pro se, appeals the district court's August 27, 2019 final order dismissing his suit to declare his aggravated-robbery conviction void and adjudicating him a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code §§ 11.054 (authorizing trial court to find plaintiff vexatious litigant if statutory criteria are met), .101(c) (permitting appeal from prefiling order designating person vexatious litigant), 14.003(a)(2) (authorizing trial court to dismiss inmate's frivolous claim in civil suit). Perry contends that the Travis County district court erred because it had jurisdiction to declare his aggravated-robbery conviction in a Harris County district court void; that the State's vexatious-litigant motion was untimely filed; and that his conviction should have been declared "presumptively void" as a sanction for the State's alleged failure to produce relevant records in support of its vexatious-litigant motion. We will modify the district court's final order and as modified, affirm it.

## BACKGROUND

Perry sued the State in a Travis County district court on May 31, 2017, alleging wrongful imprisonment and seeking damages. *See id.* § 103.001. In his petition, Perry contends that his 1993 final conviction by a jury in Harris County for aggravated robbery, affirmed by the First Court of Appeals, is void because it was based on an indictment resulting from a perjured witness statement made to police by Paul Patrick Carrier. *See Perry v. State*, No. 01-93-00207-CR, 1994 Tex. App. LEXIS 380, at *1 n.1 (Tex. App.—Houston [1st Dist.] Feb. 24, 1994, no pet.) (not designated for publication) (noting that affidavit for Perry's arrest in Harris County district court cause number 607,922 was based on sworn written statements from three witnesses, including Carrier, and that "Carrier changed parts of his story and confessed to committing the murder" in his second statement to police). Carrier's first statement to police identified individuals involved in the robbery and implicated Perry as the shooter, reporting

> [t]hat on 7-28-91, [Pat Carrier] saw a person he knows by sight and by name as Ruben the paperboy, get out of his truck and walk up to [Perry], . . . as [Perry] was standing in the street with several other males, and asked [Perry] for a cigarette. Pat further told affiant that [Perry] told Pat that "they were going to jack him." Pat told affiant that he felt that [Perry] meant they were going to rob Ruben. Pat told affiant that he saw a person he knows by sight and by name as Money, . . . sneaking around behind Ruben. Pat stated that he saw Money grab Ruben from behind and [Perry] grabbed a gun from the waistband of Ruben and both then beat Ruben to the ground. Pat stated that he saw both Money and [Perry] going through Ruben's pockets. Pat also stated that he saw [Perry] take the pistol and shoot Ruben one time in the mouth during the robbery. Pat stated that he also saw both Money and [Perry] run away after robbing Ruben and [Perry] shooting him. Pat also stated that he helped Alfredo Almedia load Ruben into Ruben's vehicle and saw Mr. Almedia drive Ruben away to the hospital.

*Id.* at *2-3. Perry's petition complained of Carrier's statement "that he witnessed [Perry] shoot and kill Ruben Grajeda and rob him in Cause No. 607922 and that he was an innocent

2

bystander." Perry contended that his indictment was void because it stemmed from Carrier's false statement and that "it logically follows that a conviction based on a void indictment, is a nullity, [and] therefore not a final conviction."

On March 16, 2018, the State answered Perry's civil suit by filing a combined plea to the jurisdiction and motion to dismiss. Perry filed an amended petition the next month. On July 11, 2019, the State filed another motion to dismiss and plea to the jurisdiction, this time adding a motion to declare Perry a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code § 11.054.

The district court held a hearing on the State's motions. During the hearing, Perry acknowledged his history of civil litigation and the dismissal of his lawsuits. Relying on a default-judgment case and other civil cases that did not involve collateral attacks on final criminal convictions, Perry said that his Travis County suit sought postconviction relief for his Harris County aggravated-robbery conviction because he "didn't actually do the shooting" and his conviction was "null and void":

> Court: Where does this Court in Travis County have the jurisdiction for the relief that you are asking for, sir?
>
> Perry: They say a void conviction can be attacked anytime, anywhere, in any court.
>
> Court: Okay.
>
> Perry: A party may collaterally attack a judgment of a court of general jurisdiction in another court of equal jurisdiction if the underlying judgment is void. That's *Armentor v. Kern . . .* 178 S.W. 3d, Page 147.
>
> . . . .
>
> Court: Let me ask you a question: Is your lawsuit just asking for money damages in some of this?

3

Perry: No. I'm also trying on [sic] get out of prison. I'm also asking for, you know, release. The only ground which I can receive that kind of relief is it's got to be a void judgment, you know. . . . While the writ habeas corpus may be granted by any district judge, the hearing thereunder must be in the county where the indictment was filed.

Court: Well, then why are we here, sir? . . . Sir?

Perry: Yes.

Court: Did you just hear what you just said about the county where the court is, sir?

Perry: Yes.

Court: This is Travis County here and that was in Harris County, was it not?

Perry: Yes, I want [to] understand that, sir.

Court: Okay. Then how do you get around that, sir?

Perry: Well, you know if you can't grant habeas corpus relief, well, you know, I'll have to go back.

The State pointed out that a postconviction complaint is presented through a writ of habeas corpus and not a civil suit filed in Travis County:

First of all, as the Court briefly alluded to, Mr. Perry was convicted of a crime in the 1990s, and the conviction has been upheld by the court of appeals and a petition for discretionary review was denied by the court of criminal appeals. The only remedy to challenge a criminal conviction, even if Mr. Perry is right, that the conviction is not sound and should be set aside, the only remedy for that—the exclusive remedy, is by Chapter 11 of the code of criminal procedure, which is the habeas corpus writ. Mr. Perry is very familiar with that writ, because in the 14 prior litigations, about a third of those cases were him exercising his petition for writ of habeas corpus. They were all denied. This Court is not sitting here today as a habeas court.

The State also noted that Perry had previously sought the identical relief requested in his Travis County suit. *See In re Perry*, No. 01-16-00567-CR, 2016 Tex. App. LEXIS 8105, at *1-2 (Tex.

4

App.—Houston [1st Dist.] 2016, orig. proceeding) (dismissing for want of jurisdiction Perry's petition for writ of mandamus challenging his conviction); *Perry v. State*, No. 01-14-00577-CR, 2014 Tex. App. LEXIS 12034, at *2-3 (Tex. App.—Houston [1st Dist.] Nov. 4, 2014, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction Perry's appeal seeking recall of First Court of Appeals's mandate affirming his felony conviction for aggravated robbery and noting that relief Perry sought could be granted only by postconviction writ of habeas corpus under article 11.07 of Code of Criminal Procedure and that Court of Criminal Appeals was court of proper jurisdiction).

At the conclusion of the hearing, the district court stated that it lacked jurisdiction to hear the matter, granted the State's dismissal "on all bases," and declared Perry a vexatious litigant. In its written order, the district court found that Perry's "action is frivolous" and that his "allegations have no arguable basis in law and are barred by sovereign immunity, limitations, and issue preclusion" and granted the State's motion to dismiss. This appeal followed.

## DISCUSSION

### No jurisdiction over Perry's claim for postconviction relief

In its combined plea to the jurisdiction and motion to dismiss, the State challenged the district court's subject-matter jurisdiction and requested dismissal of Perry's suit under subsection 14.003(b)(2) of the Texas Civil Practice and Remedies Code because it had "no basis in law." *See* Tex. Civ. Prac. & Rem. Code § 14.003(b)(2) (authorizing trial court to consider whether claim has "no arguable basis in law or fact" in determining whether a claim is frivolous and subject to dismissal under subsection 14.003(a)(2)); *Perez v. City of Fort Worth*, No. 03-16-00545-CV, 2017 Tex. App. LEXIS 167, at *8 (Tex. App.—Austin Jan. 11, 2017, no

5

pet.) (noting that "claim is considered to have no basis in law when either the legal theory on which it is based is indisputably meritless or the factual allegations on which it is based are wholly incredible or irrational" (citing *Nabelek v. District Att'y of Harris Cty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied))). Specifically, the State contended that Perry failed to plead any facts that would bring his claim within a statute that unambiguously waived the State's sovereign immunity, *see* Tex. Gov't Code § 311.034, and that the State's immunity was not waived for Perry's requested declaratory relief as to his wrongful-imprisonment claim. *See Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (noting that "a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit" and that "sovereign immunity will bar an otherwise proper DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity"). Perry responded that the Travis County district court did have jurisdiction to declare void his aggravated-robbery conviction rendered by a Harris County district court and erred by dismissing his suit.

We review a trial court's ruling on a plea to the jurisdiction de novo. *Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). When a plea to the jurisdiction "challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Texas Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020) (quoting *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). "[W]e liberally construe the pleadings, taking all factual assertions as true and looking to [the plaintiff's] intent" in determining whether the plaintiff has met that burden. *Id.* (quoting *City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589, 590 (Tex. 2015)). "[W]hen a plea to the jurisdiction challenges the existence of

6

jurisdictional facts, we look beyond the pleadings and consider evidence submitted by the parties 'when necessary to resolve the jurisdictional issues raised,' even if the evidence implicates both the court's jurisdiction and the merits of a claim." *Id.* (quoting *Miranda*, 133 S.W.3d at 227). "'[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue,' a court rules 'on the plea to the jurisdiction as a matter of law.'" *Id.* (quoting *Miranda*, 133 S.W.3d at 228). Similarly, we review de novo whether a plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *Perez*, 2017 Tex. App. LEXIS 167, at *6. "We examine the claims asserted and the relief requested to determine whether the petition stated a cause of action that could authorize relief." *Id.*

Here, Perry's amended complaint alleges that "the complaint and indictment for aggravated robbery is void as it is based on material perjury of Patrick Paul Carrier," who stated "that he witnessed [Perry] shoot and kill Ruben Grajeda and rob him." Perry's brief states, "This is a collateral attack in another district court in Texas where appellant is attempting to avoid the effect of the finding of guilty and forty five year sentence for aggravated robbery, Art. 29.03 of the Texas Penal Code because it is completely void." Thus, Perry sought postconviction relief in Travis County district court from his final felony conviction by a Harris County jury for aggravated robbery. *See Perry*, 1994 Tex. App. LEXIS 380, at *9 (affirming Perry's aggravated-robbery conviction in Harris County trial court cause number 607,922).

Perry sought postconviction relief from the Travis County district court through his civil suit for wrongful imprisonment, but such relief is available only by application for writ of habeas corpus. Article 11.07 of the Texas Code of Criminal Procedure "provides the exclusive means to challenge a final felony conviction." *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

7

Article 11.07 specifies that it "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." Tex. Code Crim. Proc. art. 11.07, § 1. Jurisdiction to grant postconviction habeas corpus relief on a final felony conviction rests exclusively with the Texas Court of Criminal Appeals. *Keene*, 910 S.W.2d at 483; *see Davis v. State*, No. 03-16-00852-CR, 2017 Tex. App. LEXIS 295, at *1 (Tex. App.—Austin Jan. 13, 2017, no pet.) (mem. op., not designated for publication) (noting that this Court "lacks jurisdiction to grant habeas corpus relief from final felony convictions.").[1] "Any other proceeding shall be void and of no force and effect in discharging the prisoner." *Keene*, 910 S.W.2d at 483 (citing Tex. Code Crim. Proc. art. 11.07, § 3).

Moreover, "[a] party may not predicate relief in a civil case based on a collateral attack to a final criminal conviction." *Cooper v. Trent*, 551 S.W.3d 325, 337 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). A convicted criminal defendant cannot bring a civil action for damages that "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction or confinement," unless he can demonstrate that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, or declared invalid in a collateral proceeding. *Id.*; *see $60,427.11 U.S. Currency v. State*, No. 02-18-00165-CV, 2019 Tex. App. LEXIS 5935, at *11-12 (Tex. App.—Fort Worth July 11, 2019, no pet.) (mem. op.) (concluding that inmate could not seek relief by attacking his money-laundering conviction through appeal of civil matter). Because Perry's challenge to the validity of his final felony

---

[1] Subsection 3(b) of article 11.07 states that "[a]n application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law." Tex. Code Crim. Proc. art. 11.07 § 3(b).

conviction for aggravated robbery is governed by article 11.07, a writ of habeas corpus—and not a civil suit—provides the exclusive means to challenge his final felony conviction. *See Keene*, 910 S.W.2d at 483. And because jurisdiction for such postconviction relief rests with the Court of Criminal Appeals, the district court had no jurisdiction over Perry's claim for that relief and did not err by dismissing his suit against the State. *See Perez*, 2017 Tex. App. LEXIS 167, at \*8 (concluding that trial court did not have jurisdiction to grant inmate relief requested in his petition, which was available only through postconviction application for habeas corpus, and that trial court did not abuse its discretion by concluding that inmate's claims had no arguable basis in law and dismissing his claims as frivolous).

Similarly, Perry failed to show that the district court erred by dismissing his wrongful-imprisonment claim. Perry filed suit against the State for compensatory damages under section 103.001 of the Civil Practice and Remedies Code seeking "a damages hearing for unlawful confinement of 28 years and continuing injuries." Subsection 103.001(a) provides that a person is entitled to compensation if:

(1) The person has served in whole or in part a sentence in prison under the laws of this state; and

(2) the person:

    (A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced;

    (B) has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced; or

    (C) has been granted relief in accordance with a writ of habeas corpus and:

        (i) the state district court in which the charge against the person was pending has entered an order dismissing the charge; and

9

> (ii) the district court's dismissal order is based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and, either in the motion or in an affidavit, the state's attorney states that the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced.

Tex. Civ. Prac. & Rem. Code § 103.001(a).

Here, Perry has not shown that he received a pardon on the basis of innocence for the crime of aggravated robbery, that he was granted habeas corpus relief, that there has been any court determination that he is actually innocent of the crime of aggravated robbery, or that the 180th District Court of Harris County entered an order dismissing the charge of aggravated robbery against him. Thus, Perry failed to show any entitlement to damages for wrongful imprisonment under the express provisions of section 103.001. *See id.*

Perry's requested declaratory relief as to his claim of wrongful imprisonment was an attempt to establish a right to relief against the State for which the Legislature has not waived sovereign immunity. *See Sawyer Tr.*, 354 S.W.3d at 388. Perry's wrongful-imprisonment claim is indisputably meritless and has no arguable basis in law. *See Perez*, 2017 Tex. App. LEXIS 167, at *6. Because Perry's claim has "no arguable basis in law," it was subject to dismissal as a frivolous claim. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2), (b)(2). Accordingly, we overrule Perry's issue contending that the district court erred by dismissing his suit because it had jurisdiction to declare his conviction void or to award damages on his wrongful-imprisonment claim.

10

**State's vexatious-litigant motion was untimely**

Perry further contends that the State's motion to declare him a vexatious litigant was untimely because it was not filed within ninety days of the filing of the State's original answer. Perry requests revision or reversal of the district court's final order declaring him a vexatious litigant. The State acknowledges the untimeliness of its motion and the error of Perry's designation as a vexatious litigant.

Section 11.051 of the Texas Civil Practice and Remedies Code provides:

> In a litigation in this state, the defendant may, on or before the 90th day after the date the defendant files the original answer or makes a special appearance, move the court for an order:
>
> (1)    determining that the plaintiff is a vexatious litigant; and
>
> (2)    requiring the plaintiff to furnish security.

*Id.* § 11.051; *see Brown v. Texas State Bd. of Nurse Exam'rs*, No. 03-05-00508-CV, 2007 Tex. App. LEXIS 8276, at *13 (Tex. App.—Austin Oct. 18, 2007, no pet.) (mem. op.) ("The plain language of section 11.051 simply provides a deadline after which defendants may no longer file vexatious-litigant motions."). Texas cases have concluded that a plaintiff may not be declared a vexatious litigant on the defendant's motion when the defendant fails to file that motion within ninety days of its original answer. *See Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 377 (Tex. App.—Dallas 2005, no pet.) (concluding that vexatious-litigant declaration sought as part of defendant's summary-judgment motion and filed after expiration of statutory 90-day period was untimely and that "[i]t was, therefore, error for the trial court to grant relief under that circumstance"); *see also In re Grossnickle*, 115 S.W.3d 238, 252 (Tex. App.—Texarkana 2003, no pet.) (concluding that trial court did not err by declining to find that plaintiff was vexatious

11

litigant because "the 'vexatious-litigant statute' applies only when [motion is] filed within ninety days after the date on which a defendant files his or her original answer"). Here, as we have noted, the State filed its original answer as part of its motion to dismiss and plea to the jurisdiction on March 16, 2018. Thus, the statutory ninety-day deadline for the State's filing of a motion to declare Perry a vexatious litigant was June 14, 2018. *See* Tex. Civ. Prac. & Rem. Code § 11.051. The State did not file its motion to declare Perry a vexatious litigant until July 11, 2019. Because the State failed to file its motion seeking to declare Perry a vexatious litigant within ninety days of filing its original answer, we sustain Perry's issue complaining of the vexatious-litigant order issued on the State's untimely motion and modify the order to remove the district court's adjudication of Perry as a vexatious litigant. *See id.*; *Dishner*, 162 S.W.3d at 377 (making similar modification to judgment declaring plaintiff vexatious litigant on defendant's untimely motion).

Because the district court lacked jurisdiction over Perry's postconviction complaint collaterally attacking his 1993 aggravated robbery conviction and because the district court's final order is modified to remove the vexatious-litigant adjudication, we need not address Perry's remaining contention that his conviction should be declared "presumptively void" as a sanction for the State's alleged failure to produce relevant records in support of its motion to declare Perry a vexatious litigant.

## CONCLUSION

We modify the district court's August 27, 2019 final order to remove the adjudication of Perry as a vexatious litigant and, as modified, affirm the order.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Modified and, as Modified, Affirmed

Filed: February 11, 2021