

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00084-CV

**NATHAN D. ALBERT AND CHISHOLM TRAIL REDI-MIX, LLC,**
                                                    **Appellants**

 **v.**

**FORT WORTH & WESTERN RAILROAD CO., DAVOIL, INC.**
**AND WILLIAM S. DAVIS,**

                                                    **Appellees**

---

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-C201700680

---

## MEMORANDUM OPINION

---

Nathan Albert and Chisholm Trail Redi-Mix, LLC appeal from a judgment that granted a motion for summary judgment filed by Fort Worth & Western Railroad Company, Davoil, Inc., and William S. Davis as to multiple tort claims Albert and Chisholm had asserted against them. Albert and Chisholm argue that the trial court erred by denying their motion for continuance because they did not have an adequate time for

discovery and by granting the motion for summary judgment because their summary judgment proof was sufficient to raise a genuine issue of material fact as to each of their claims. Because we find no reversible error, we affirm the judgment of the trial court.

**PROCEDURAL HISTORY**

In April of 2016, Albert purchased a ten-acre tract that was landlocked from any road other than a gravel railroad crossing that went across land owned by FWWR. Albert had purchased the tract for the purpose of building a concrete plant, which was to be operated by Chisholm, which was formed for that purpose. Albert, Friermood, and Simpson were the owners of Chisholm. In May of 2017, Albert and Chisholm initiated the underlying proceeding by filing a petition for a declaratory judgment against FWWR, seeking a declaration that an easement existed across the railroad crossing owned by FWWR. FWWR counterclaimed, seeking declaratory relief with claims for trespass and an injunction to prevent Albert and Chisholm from using the crossing. In June of 2018, Albert and Chisholm added Davoil and Davis as defendants and added tort claims for fraud, tortious interference with prospective business relations, tortious interference with contractual relations, assisting or encouraging liability against defendants,[1] and civil conspiracy. Davoil is the owner of FWWR. Davis is the president of Davoil and the chairman of the board of FWWR.

---

[1] FWWR, Davoil, and Davis argue that this claim has not been recognized as a valid cause of action. Because of our resolution of the issues in this proceeding, we do not reach this contention nor do we express an opinion as to the validity of this cause of action.

The day after Davoil and Davis filed their answers with the trial court, Albert and Chisholm propounded discovery upon FWWR and the new parties. FWWR, Davoil, and Davis responded to the discovery, and shortly thereafter, in late August of 2017, Albert and Chisholm filed a motion to compel and for sanctions and attempted to schedule the depositions of Davis and a representative of Davoil. FWWR, Davoil, and Davis attempted to schedule the depositions of Albert, Friermood, and Simpson. Neither side would agree to a date for the depositions. In late September of 2017, FWWR, Davoil, and Davis filed a motion for summary judgment pursuant to Rules 166 and 166a of the Rules of Civil Procedure as to the tort claims that had been added in June of 2017. FWWR, Davoil, and Davis also filed a motion to sever the newer tort claims from the other claims regarding the easement which had already been set for trial.

Albert and Chisholm filed a motion for continuance of the hearing on the motion for summary judgment. The trial court held a hearing on the motion for continuance which was denied. The discovery issues, the motion for summary judgment, and the motion to sever were heard by the trial court on November 9, 2017. The trial court deferred the discovery issues until after the motion for summary judgment. In a letter issued a week after the hearing, the trial court granted the motion to sever and "reserved any ruling" on the motion for summary judgment until a later date. The causes of action that were initially filed remained in the original cause number and the later-added tort

claims were severed into a separate proceeding with a new cause number.[2] No further action was taken in the trial court on the severed causes of action until the trial court sent a dismissal notice for want of prosecution in October of 2018.

After the dismissal notice, FWWR, Davoil, and Davis set the motion for summary judgment for a hearing. The parties entered into an agreed discovery control order and set the tort claims for trial. The trial court conducted a second hearing on the motion for summary judgment, and ultimately granted the motion in all respects. The trial court signed an order sustaining the objections to Albert and Chisholm's summary judgment evidence and granting the motion for summary judgment as to each of the tort claims.

## MOTION FOR CONTINUANCE

In their first issue, Albert and Chisholm complain that the trial court erred by denying their motion for continuance of the first summary judgment hearing because they had not had an adequate time to conduct discovery on the tort claims and parties that were added more than a year after the filing of the original petition. Albert and Chisholm argue that even though the motion claims to be a traditional and no-evidence motion for summary judgment, the motion is only a no-evidence motion for summary judgment pursuant to Rule 166a(i) of the Rules of Civil Procedure.

---

[2] The easement claims and claims for trespass and injunctive relief were tried separately and are at issue in our Cause No. 10-18-00219-CV, *Fort Worth and Western Railroad Co. v. Nathan D. Albert and Chisholm Trail Redi-Mix, LLC*.

Rule 166a(i) states that "[a]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). Under Rule 166a(i), there is no specific minimum amount of time that a case must be pending before a trial court may entertain a no-evidence motion for summary judgment; the rule only requires an "adequate time for discovery." *See id.* The trial court may order a continuance of a summary judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." TEX. R. CIV. P. 166a(g).

When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id*. The court considers the following nonexclusive factors when deciding whether a trial court abused its discretion by denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id*.

The motion for continuance did not have an affidavit attached but was verified by

trial counsel for Albert and Chisholm. The motion described the timeline of the newly-filed causes of action and parties and described the attempts to complete discovery as well as a very limited description of the discovery sought but not produced. However, the motion for continuance did not describe the purpose of the discovery sought or how the discovery they sought was material to their opposition to the motion for summary judgment. Albert and Chisholm had also been attempting to take the depositions of Davis and a representative of Davoil, but the motion for continuance does not address what they expected to prove with that deposition testimony. *See* TEX. R. EVID. 251 (if the continuance "be for the absence of a witness, he shall state. . . what he expects to prove by him"). Nor did Albert and Chisholm explain why Davis and the Davoil corporate representative's deposition testimony would be material to any of their tort claims.

Albert and Chisholm's argument is limited to the contention that they were entitled to a continuance because there had not been an adequate time for discovery. *See* TEX. R. CIV. P. 166a(i) ("After adequate time for discovery, a party. . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense . . . ."). Albert and Chisholm argue there had not been an adequate time for discovery because the discovery period had not expired, although they do not state when that time would have been. FWWR, Davoil, and Davis argue that the discovery control period had actually expired pursuant to the original petition filed in

the proceeding relating to the declaratory judgment and easement claims.[3] However, regardless of the length of the discovery period, the determination of whether there has been an adequate time for discovery is not necessarily controlled by the discovery period. *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2005, no pet.) (Appellate court "has refused to read into the rule a bright-line requirement that the discovery period be completed before a no-evidence motion can be filed."). Whether the nonmovant on a motion for summary judgment has had adequate time for discovery is case specific. *Id*. "When a party contends he has not had an adequate opportunity for discovery before a no-evidence summary judgment hearing, he must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Id*. at 376-77. Albert and Chisholm's verified motion for continuance did not explain "the need for further evidence," i.e., they did not explain the purpose or the materiality of the discovery they sought as it related to the additional causes of action. Presumably Albert and Chisholm had some evidence upon which to base their claims prior to filing the tort claims and adding the additional parties after having already conducted voluminous discovery with FWWR in the declaratory judgment action. Albert and Chisholm do not give any description of what evidence they believed was material to any of the tort causes

---

[3] Albert and Chisholm's original petition, filed in May of 2016, asserted that discovery was to be conducted pursuant to level 2. The amended petition filed in June of 2017, asserted a level 3 discovery control plan; however, there was no agreement or court order to allow the parties to conduct discovery pursuant to level 3. Albert and Chisholm do not mention which level of discovery was being followed or provide any argument or authority that a new discovery control plan was created by the addition of the new causes of action or parties.

of action or the newly added parties in relation to their response to the motion for summary judgment. Because Albert and Chisholm did not address the purpose or materiality of the discovery, we find that the trial court did not abuse its discretion in denying the motion for continuance. We overrule issue one.

## NO-EVIDENCE SUMMARY JUDGMENT

In their second issue, Albert and Chisholm complain that the trial court erred by granting the motion for summary judgment as to each of their tort claims because their proof was sufficient to raise a genuine issue of material fact as to the elements of each of their tort claims. However, on appeal, they do not challenge the trial court's sustaining of FWWR, Davoil, and Davis's objections to their summary judgment evidence. FWWR, Davoil, and Davis contend that Albert and Chisholm's brief was inadequate in that it had only one reference to the record in its argument regarding its claims. We agree.

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). As stated by FWWR, Davoil, and Davis,

> an appellate court is "not free to search the entire record, including materials not cited to … the trial court." *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.). Instead, a party "must specifically identify the supporting proof on file that it seeks to have considered by the trial court." *Id*.

In addition to the failure to cite to the record, Albert and Chisholm have further failed to identify the elements of any of their causes of action or to cite to any legal

authority in support of any of their contentions as they relate to the tort causes of action in their brief or their reply brief filed in this appeal. They do not address two of their causes of action at all.

We are not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994). We also "know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them." *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (internal quotation omitted). Thus, the appellants' failure to cite legal authority or provide substantive analysis of a legal issue results in waiver of the complaint. *Fredonia State Bank*, 881 S.W.2d at 284 (observing that error may be waived by inadequate briefing). Further, we find that Albert and Chisholm had the opportunity to address their briefing failures after FWWR, Davoil, and Davis pointed them out in the appellee's brief; however, Albert and Chisholm chose not to do so. We find that this issue was inadequately briefed, and therefore, presents nothing for our review. We overrule issue two.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed February 23, 2022
[CV06]

